OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, with costs.
On the record, including the inferences to be derived therefrom, as these unfolded before the hearing officer, it cannot be said as a matter of law that the findings of the *833 Secretary of State, including the one that the letters sent to homeowners who had signed “cease and desist requests” constituted “solicitation for listings of the property to which the distribution was made” in violation of 19 NYCRR 175.17 (b), were not supported by substantial evidence. All the more is this so since we no longer follow the “legal residuum rule”, under which at least some minimum quantity of the evidence which supported an administrative decision had to be of a kind admissible in a court proceeding (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180, n; see 8 Weinstein-Korn-Miller, NY Civ Prac, par 7803.09).
Nor, since the petitioners made no request that the homeowners be called as witnesses (see State Administrative Procedure Act, § 304, subd 2), did the hearing officer’s failure to do so offend the petitioners’ due process rights.
Finally, as to the commercial speech point which the petitioners now would raise for the first time, suffice it that their failure to do so below precludes its consideration here (Barber v Dembroski, 54 NY2d 648,- 650; Cohen and Karger, Powers of the New York Court of Appeals [rev ed], § 169).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Fuchsberg concur; Judges Gabrielli and Meyer taking no part.
Judgment affirmed, with costs, in a memorandum.