■ In the Matter of RUSSELL TRYON, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Saratoga County) to review a determination of the Commissioner of the State Department of Social Services which sustained a reduction in petitioner's public assistance grant. On October 1, 1977, petitioner's wife qualified for Aid to Dependent Children (ADC) benefits for herself and six children. At that time petitioner was receiving Supplemental Security Income (SSI) and Social Security Disability (SSD) benefits. Neither petitioner's needs nor his income was considered in determining the family's ADC benefits due to his eligibility for SSI benefits. On October 3, 1980, however, the local agency was informed by the Social Security Administration that petitioner had not been eligible for SSI since June of 1979. Armed with this information the local agency determined that since petitioner's SSI benefits had been terminated in June of 1979, petitioner's SSD benefits constituted income which was available to the household and, accordingly, the family had received an overpayment of ADC benefits in the amount of $3,414 covering the period from July, 1979 through September, 1980. Effective October 16, 1980, the local agency commenced recoupment of the overpayment by withholding 15% of the monthly household grant. This determination, reached after a fair hearing and affirmed by the State commissioner, was based on a conclusion that petitioner willfully withheld from the local agency information regarding the termination of his SSI eligibility. This transferred CPLR article 78 proceeding seeking to challenge

that determination ensued. Since there is no dispute that petitioner's household received an overpayment of ADC benefits in the amount of $3,414, the sole issue is whether there is substantial evidence to support respondents' finding that petitioner willfully withheld from the local agency the fact that he was no longer eligible for SSI benefits as of July, 1979. The burden is on a benefit recipient to provide accurate, complete and current information regarding his needs and resources and to inform the local agency of any change which could affect eligibility (18 NYCRR 351.1 [b] [2]; *Matter of Hopkins v Blum*, 87 AD2d 613, mot for lv to app granted 56 NY2d 506). Here, the local agency presented testimony that petitioner did not notify it that his SSI had terminated in June of 1979, even though petitioner's household had been recertified several times during 1980. Further, the agency relied on petitioner's case file and "yellow card" which authorizes grants and these documents contained no information regarding the termination of petitioner's SSI. We reject petitioner's contention that documentary evidence of this kind is hearsay and cannot constitute substantial evidence. The Court of Appeals in *Matter of Eagle v Paterson* (57 NY2d 831, 833), citing to *300 Gramatan Ave. Assoc. v State Div. of Human Rights* (45 NY2d 176, 180, n), specifically rejected the "legal residuum rule" requiring court-admissible evidence to support an administrative decision, holding anew that substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact. Next, petitioner's contention that he did not know that his SSI eligibility had been terminated as of July, 1979 and that he did not receive a notice of such action from the Social Security Administration is incredible when juxtaposed with his admission that his SSI was being recouped by the Social Security Administration. Since evaluation of a recipient's credibility is within the province of the commissioner, we conclude that the rejection of petitioner's testimony was proper (see *Matter of Hopkins v Blum*, 87 AD2d 613, *supra*). The conclusion that petitioner willfully withheld information regarding the termination of his eligibility for SSI which caused his household to receive ADC benefits to which it was not entitled is supported by substantial evidence. Accordingly, the local agency was authorized to recoup overpayments from the current grant of assistance (18 NYCRR 352.31 [d] [4]). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.