OPINION OF THE COURT
Eugene R. Wolin, J.
Speedway Home Improvement Co. (Speedway) has brought this proceeding pursuant to CPLR article 78 seeking an order vacating and annulling a decision of the respondent Department of Consumer Affairs (DCA) after a hearing.
Speedway is a home improvement contractor and is licensed as such by the DCA. The principals of Speedway are Benjamin A. Williams and Frank DePrisco. Sometime in January, 1982, Benjamin Williams of Speedway visited the home of Mr. and Mrs. Richard Hannon at 115 Hymen Court, Brooklyn, New York, for the purposes of estimating *65 the work to be done in renovating certain portions of the Hannon’s home. A written estimate was submitted on February 4, 1982 by Mr. DePrisco and the Hannons accepted the Speedway bid and entered into a contract with Speedway. The contract price was $18,000 and the Hannons tendered a check for $8,000 as down payment. Shortly after the Hannons tendered the down payment, but before Speedway began its work on the contract, DePrisco notified the Hannons that Speedway would find it difficult to complete the contract at the agreed price. The Hannons requested a return of the down payment and asked Speedway not to start working. The parties then reached some understanding and Speedway agreed to complete the contract at the $18,000 price. Work on the house commenced on February 16, 1982 and by February 18, 1982, the interior of the house had been gutted. At this point, DePrisco and Williams informed the Hannons that Speedway had underestimated the contract and that more money was necessary. The Hannons agreed to increase the contract price by an additional $2,000 for a total price of $20,000. Work continued on the house and the Hannons made payments under the contract totaling $14,000. On March 11, DePrisco took the Speedway workers off the Hannon job and informed the Hannons that Speedway would not continue on the job unless the Hannons agreed to a further increase of $7,000 in the contract price. The Hannons refused and requested a refund of their moneys paid to date. Speedway tendered a check for $4,000 which was accepted by the Hannons. They then engaged a second firm, Chariot Construction, Inc., to complete the work on the house. The price charged by Chariot Construction for completion of the work was $31,110. Thereafter in March, 1982, the Hannons filed a complaint with DCA and that agency took the following steps: informed Speedway of the Hannons’ complaint and instructed Speedway to contact the Hannons and attempt to resolve the matter; Speedway was to notify DCA in writing within 20 days of the result of this informal negotiation. By letter dated April 15, 1982, Speedway informed DCA that the subcontractor hired by Speedway to perform certain work on the second floor had *66 reneged on its obligations and thus the prime contract was terminated. By letter dated April 20, 1982, the Hannons informed DCA that they had not been contacted by Speedway as required by that agency’s directive. Thereafter by notice dated May 1, 1982, Speedway was directed to appear at an administrative hearing scheduled for June 3, 1982. The notice informed Speedway that it was charged with violating subdivision 1 of section B32-358.0 of the Administrative Code of the City of New York, specifically abandoning and willfully failing to perform under the contract entered into with the Hannons. The notice informed Speedway that if found guilty, it may be liable to a fine, its license may be suspended or revoked and it may have to resolve the consumer complaint. (Administrative Code, § 773-4.0, subd e.) Finally, the notice informed Speedway that it had the right to be represented by counsel. On the hearing date, Williams and DePrisco appeared for Speedway, they did not however retain counsel or request an adjournment in order to retain counsel. A hearing was held and testimony taken from Mr. and Mrs. Hannon and from Williams and DePrisco; the Hannons also submitted photographs taken of the work done by Speedway and completed by Chariot Construction as well as the contracts entered into by the parties. After the hearing, the DCA issued a written decision dated July 2, 1982. That decision reviewed the facts surrounding the complaint and the testimony and evidence adduced at the hearing. The hearing officer found that Speedway had performed work worth $10,000, but that Speedway had abandoned the contract without justification. DCA then awarded the Hannons the sum of $21,110 representing the $31,110 charged by Chariot Construction to complete the contract less the $10,000 of the original $20,000 which the Hannons did not pay Speedway. Petitioner now challenges this decision as arbitrary, capricious, not supported by the evidence and in derogation of Speedway’s right to due process.
The position of Speedway in this proceeding is clearly not well taken. Speedway was duly notified of the hearing *67 and the nature of the charges against it. Williams and DePrisco appeared and were given an opportunity to testify, cross-examine witnesses, inspect documents and to offer proof; due process does not require more. (Matter of Simpson v Wolansky, 38 NY2d 391.) Speedway was informed of its right to counsel and the fact that its two principals elected not to retain counsel does not constitute a denial of due process. Further, Williams and DePrisco had an opportunity to submit evidence and to call witnesses, that they did not does not render the hearing constitutionally defective. (Matter of Eagle v Patterson, 57 NY2d 831.)
As to the decision itself, it is amply supported by the evidence in the record. Williams and DePrisco admitted that Speedway had underestimated the contract and the testimony of the Hannons with regard to the work performed by Chariot Construction was buttressed by photographs and bills submitted. The court’s review is limited to a determination of whether the decision is supported by substantial evidence of the record taken as a whole. (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176; Matter of Purdy v Kriesberg, 47 NY2d 354.) The court is satisfied that the proof was such a quality and quantity as to lead inevitably to the conclusion reached by the hearing officer.
Finally Speedway argues that the award is a penalty and is so disproportionate to the offense as to shock one’s sense of fairness. (Matter of Pell v Board of Educ., 34 NY2d 222.) The principals of petitioner are perhaps overly sensitive individuals, the court however is not so easily shocked. An administrative agency has broad discretion in fashioning a remedy which will protect the public interest, including an award of monetary damages to afford redress for injury to an individual consumer (Kostika v Cuomo, 41 NY2d 673; Matter of Bural Urban Home Remodeling Corp. v New York City Dept. of Consumer Affairs, 75 AD2d 306). In the instant case, DCA found that Speedway entered into an agreement with the Hannons and then attempted to in *68 crease the contract price after work had been commenced and the interior of the Hannons’ home had been gutted. When additional payment was refused, Speedway abandoned the contract. Finally Speedway made no attempt to remedy the situation which it had caused. The award which merely compensates the Hannons for the moneys expended in hiring a second contractor to complete the work is neither harsh nor excessive. Speedway breached its contract and now must suffer the consequences. Nothing raised by the petitioner convinces the court that DCA had been arbitrary, capricious or that its decision is not supported by substantial evidence of record.
Accordingly, the petition of Speedway Home Improvement Co. is denied and the proceeding is dismissed, with costs.