■ In the Matter of RUTH JERNIGAN, Petitioner, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia,* to review so much of a determination of the respondent Acting Commissioner of the New York State Department of Social Services, dated December 13, 1982 and made after a statutory fair hearing, as affirmed that part of a determination of the local agency which reduced petitioner's public assistance grant due to her failure to comply with the statutory and regulatory requirement to cooperate in proceedings to establish paternity.

Determination confirmed insofar as reviewed and proceeding dismissed on the merits, without costs or disbursements.

Petitioner and her three minor children are recipients of public assistance in the category of Aid to Dependent Children (ADC). When petitioner originally applied for ADC benefits she assigned her rights with regard to support for her children to the State. The local agency thereafter instituted numerous paternity proceedings on her behalf. By petitioner's admission, six paternity proceedings were brought only to be dismissed due to her failure to keep court-ordered appointments. Petitioner's absences were not adequately explained and her failure to cooperate in efforts to establish the paternity of her child constitutes a violation of Federal and State statutes (42 US Code § 602 [a] [26]; Social Services Law § 349-b).

The local agency reduced petitioner's grant after the sixth petition instituted on her behalf to establish the paternity of one of her children was dismissed with prejudice. This occurred subsequent to petitioner's failure to appear at the Brookhaven Memorial Hospital on a predesignated date for a blood grouping test. The reason proffered for this most recent incident of non-cooperation was petitioner's allegation that her car had broken down on the Long Island Expressway en route from a trip to North Carolina where she had been visiting a sick relative. However, the record is barren of any indication that petitioner made alternative efforts to appear for a blood grouping test.

Petitioner appealed the local agency's determination administratively and a fair hearing was conducted on November 23,

1982. At the hearing, the local agency urged that the reduction of petitioner's grant be made a permanent sanction. Petitioner's attorney counterargued that there was no provision in the law for a permanent sanction for refusing to cooperate in bringing a paternity proceeding. It was argued that since there was no indication in the record that notice of entry of an order dismissing the sixth paternity petition had ever been served, there was no proof that either the agency or petitioner is precluded from pursuing the paternity proceeding. Moreover, the local agency allegedly failed to discharge its obligation to notify petitioner of the good cause exception to the sanction.

Upon review of the facts, the Acting State Commissioner found, on December 13, 1982, that petitioner had willfully failed to cooperate in furnishing information or aid to the agency in establishing a support obligation, enforcing a support order or establishing paternity pursuant to 18 NYCRR 351.2 (e) (2) (iv) and 369.2 (b). Consequently, the agency was justified in reducing the petitioner's grant by removing her needs therefrom "for so long as such cooperation is withheld". In the language of the Acting Commissioner: "Appellant has been previously sanctioned for failure to cooperate, and the sanctions lifted when she agreed to cooperate. However, the appellant has never cooperated. Therefore, the agency correctly determined to remove appellant's needs from the grant in accordance with the afore-cited Regulations. Such sanction applies as long as the appellant fails to comply with the above-cited Regulations."

Inasmuch as the sanction imposed is not, on its face, permanent in nature and may be revoked when the condition which inspired its invocation ceases to exist, i.e., petitioner's failure to cooperate, it was properly imposed (*see, Matter of Wise v Blum,* 75 AD2d 821). The instant case is readily distinguishable from *Matter of Ball v Beaudoin* (103 Misc 2d 1000) where the petitioner claimed good cause for her refusal to cooperate in a blood testing, viz., that prior testing had caused physical harm to her child and herself; that emotional damage would result to the child by forced submission to a test at this time; and that the child would be adopted by the man the petitioner was about to marry. Under such circumstances, the court deemed it arbitrary and capricious for the agency to discontinue the petitioner's public assistance grant without notifying her of her right to claim good cause for refusing to cooperate. At bar, there was no hint of any such claims.

Petitioner's argument that the determination was not based on substantial evidence is without merit, inasmuch as said argument is based on the legal residuum rule which is no longer

valid in this State (*Matter of Eagle v Paterson*, 57 NY2d 831, 833; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180, n; *Matter of Radoff v Board of Educ.*, 99 AD2d 840, *lv granted* 62 NY2d 604, *affd sub nom. Alderstein v Board of Educ.*, 64 NY2d 90; *Matter of Tryon v Blum*, 92 AD2d 700). In any event, a review of the record indicates that the determination was supported by substantial evidence (*300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra; Matter of Pell v Board of Educ.*, 34 NY2d 222).

We have considered petitioner's other claims and find them to be without merit. Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.