■ In the Matter of GEORGE HANCOCK, Petitioner, v TOWN OF RAMAPO, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Ramapo, dated August 12, 1985, which confirmed the determination of a Hearing Officer, finding the petitioner guilty of various charges of misconduct, and dismissed him from his employment as a Town of Ramapo police officer.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Based upon a review of the record, we find that the respon-

dent's determination is supported by substantial evidence in the record. Accordingly, the determination under review will not be disturbed *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Peill v Board of Educ.,* 129 AD2d 799).

We note that the petitioner's claim that hearsay evidence was improperly received or relied upon by the Hearing Officer is devoid of merit. As set forth by the Court of Appeals, "we no longer follow the 'legal residuum rule', under which at least some minimum quantity of the evidence which supported an administrative decision had to be of a kind admissible in a court proceeding" *(Matter of Eagle v Paterson,* 57 NY2d 831, 833, quoting from *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180, n).

Nor does the record support the petitioner's allegation of a potential conflict of interest caused by the fact that, after the hearing but prior to the filing of this petition, the petitioner's original attorney joined the law firm of his former adversary, the Deputy Town Attorney. The record belies any contention that the petitioner was in any way prejudiced during the hearing. Thompson, J. P., Lawrence, Weinstein and Harwood, JJ., concur.