■ In the Matter of the Estate of MIRIAM MARKS, Deceased. ANTHONY MASTROIANI et al., Respondents; JAY H. MARKS, Appellant.—In a proceeding for the judicial settlement of an account of the appellant and his coexecutor, the former coexecutor Jay Henry Marks appeals, as limited by his brief, (1) from stated portions of a decree of the Surrogate's Court, Suffolk County (Signorelli, S.), dated August 14, 1986, which, after a nonjury trial, *inter alia,* imposed a surcharge on the appellant for maladministration of the estate, and (2) from an order of the same court, dated May 22, 1987, which dismissed his petition, in effect, for renewal and for a new trial.

Ordered that the decree is affirmed insofar as appealed from, and the order is affirmed, with separate bills of costs payable by the appellant personally to the estate.

Miriam Marks died in November 1977. Mrs. Marks's will was drafted by James Sharp who, under the will, was a trustee. The will named two coexecutors, Mrs. Marks's husband, Sidney Marks, and their son Jay Henry Marks. The decedent's sister and brother-in-law, Trudi Gardiner and Alan Gardiner, were named as trustees to serve with Sharp.

Insofar as relevant, in her will, Mrs. Marks made specific bequests to Sidney Marks and her daughter Robin Marks Meyerson. Mrs. Marks left her residuary estate in trust with the income therefrom to be used for the health, welfare, support and happiness of Sidney Marks during his lifetime. The trustees, in their discretion, could utilize the trust principal for the benefit of Sidney Marks. After Sidney Marks's death, the balance of the residuary trust was to be divided between the petitioner and his sister, Robin Marks Meyerson, into two equal trusts. The appellant and his sister were to receive the corpus of his or her trust at age 40.

The Public Administrator of Suffolk County was appointed administrator of this estate upon the removal by the court of the appellant herein and his father as coexecutors for their failure to finalize their accounting and for the removal of estate assets from the jurisdiction of the court without court approval. John M. Czygier was appointed guardian ad litem for the estate. The Public Administrator then brought this proceeding, *inter alia,* in which he sought to settle the final account for the appellant and his father as the former coexec-

utors of the estate and to obtain a surcharge against them. The former coexecutors opposed this application, and a trial was held before the court without a jury. The appellant failed to appear, but was represented by counsel. The court surcharged the former coexecutors in the sum of $57,620.32 plus interest, and a decree was entered accordingly. That decree was the subject of a petition to renew and for a new trial. The court dismissed that petition and these appeals ensued.

The appellant argues that his acts did not constitute such maladministration of the estate as to render him, as a coexecutor, jointly and severally liable. We disagree. The appellant conceded that when conflicts arose with his coexecutor in the administration of the estate, he placed his loyalty to his father above his duty to the estate. The appellant admitted that he was aware of his father's actions but did nothing to stop or prevent them. Under these circumstances, the appellant was properly surcharged (see, Matter of Rothko, 43 NY2d 305, 320).

The appellant also alleges that a new trial should be held because a conflict of interest arose when he and his father were represented by the same attorney at the hearing. Even assuming, arguendo, that such a conflict existed, the appellant failed to show any actual prejudice therefrom (see, Matter of Hancock v Town of Ramapo, 131 AD2d 480).

The trial was held to determine whether the appellant should be surcharged. In his petition, prepared when the appellant was not represented by the counsel in question, the appellant admitted acts of omission upon which the finding that he should be surcharged is based. Furthermore, the appellant unjustifiably failed to testify at the hearing to attempt to explain his actions.

Therefore, the court was within its discretion in denying the appellant's motion for a new trial.

We have considered the parties' remaining contentions and find them to be without merit. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.