OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be reversed, with costs, and the determination of the Commissioner of Motor Vehicles reinstated.
Hearsay evidence can be the basis of an administrative determination (see, People ex rel. Vega v Smith, 66 NY2d 130; Matter of Lahey v Kelly, 71 NY2d 135; Matter of National Basketball Assn. v New York State Div. of Human Rights, 68 NY2d 644; see also, People ex rel. McGee v Walters, 62 NY2d 317, 322). Here, the arresting officer’s written report of petitioner’s refusal is sufficiently relevant and probative to support the findings of the Administrative Law Judge that petitioner refused to submit to the chemical test after being warned of the consequences of such refusal (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 181). *743 The quantum of evidence before the Administrative Law Judge was substantial since a reasonable mind could accept the report as "adequate to support a conclusion or ultimate fact” (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 180, supra; National Labor Relations Bd. v Remington Rand, 94 F2d 862, cert denied 304 US 576).
Petitioner’s additional claim that the Commissioner’s determination was made without cross-examination in violation of the State Administrative Procedure Act § 306 (3), and of petitioner’s right to due process is without merit. Petitioner had the right to call the officer as a witness (see, State Administrative Procedure Act § 304 [2]; Matter of Eagle v Paterson, 57 NY2d 831; Richardson v Perales, 402 US 389). Even though the Administrative Law Judge had adjourned the hearing on prior occasions due to the absence of the police officer, this inconvenience cannot be determinative as a matter of law. Petitioner always had it within his power to subpoena the officer at any time. Even after the Administrative Law Judge decided to introduce the written report on his own motion and proceed with the hearing, petitioner’s sole objection voiced was on hearsay grounds. He never claimed on the record before the Administrative Law Judge who was in the best position to afford him a remedy, that he had been misled, prejudiced or biased by the Judge’s actions. Indeed, petitioner could have sought an adjournment to subpoena the officer. That he chose not to, was a tactical decision, which is not dispositive of the outcome.