(January 22, 1991)

■ In the Matter of YUZO NODA, Petitioner, v JAMES P. CORCORAN, as Superintendent of Insurance of the State of New York, et al., Respondents.—Determination of the respondent Superintendent of Insurance dated June 30, 1989 which found that petitioner demonstrated untrustworthiness and/or incompetency to act as an insurance broker or agent, revoked all licenses issued to him and denied all pending applications on his behalf for licensure, is unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of Sup Ct, NY County [Carmen Ciparick, J.], entered Dec. 7, 1989) is dismissed without costs or disbursements.

Petitioner was charged with demonstrating untrustworthiness and/or incompetency as an insurance broker within the meaning of Insurance Law § 2110 for failing to remit premium payments to the insurance company paid to him by the insured, and that he impeded the investigation by failing to respond to letters. At a hearing, which had been postponed at petitioner's request, respondent presented testimony regarding the failure to remit the premiums and to comply with requests to appear at respondent's office for an audit and bring certain documentation. Petitioner testified, admitting that he had not remitted the premiums. He explained that he did so to protect the insured due to a dispute with the company. Noting that the testimony of the insured was critical, the Hearing Officer adjourned the hearing, directed that a subpoena be issued and directed petitioner to bring an affidavit from the insured if he could not appear but that it would not be afforded the same weight. Prior to the adjourned date, petitioner informed respondent that the insured would be unavailable since he would be hospitalized on that date and requested a further adjournment, which was refused. On the hearing date, petitioner appeared and produced certain records but not the insured nor the latter's affidavit. The Hearing Officer denied an application for an adjournment and thereafter found that the charges had been proven.

Petitioner commenced this article 78 proceeding, which was transferred to this court pursuant to CPLR 7804 (g). He

contended that the Hearing Officer erred in refusing to allow a three-week adjournment to allow the insured to testify. Insurance Department regulation No. 97 (11 NYCRR 4.6) permits postponements and adjournment of hearings for good cause shown at the discretion of the presiding officer. Here, the efforts to procure the attendance of the insured were inadequate, petitioner waited until one week before the adjourned date to inform respondent of the witness's availability and failed to obtain an affidavit from him. Because there was a rational basis to support the findings, the determination should not be overturned *(Matter of Purdy v Kreisberg,* 47 NY2d 354). Concur—Murphy, P. J., Kupferman, Milonas, Rosenberger and Ellerin, JJ.