■ In the Matter of DAVID OUZIEL, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. [599 NYS2d 609] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Motor Vehicles, dated October 31, 1990, which sustained a determination of an Administrative Law Judge, which, after a hearing, found the petitioner guilty of violating 15 NYCRR 2.1, 15 NYCRR 7.5 (b), and Vehicle and Traffic Law § 507 (1), revoked his driver's license for a period of 30 days, and revoked his driver education instructor license.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the determination with respect to the charge alleging a violation of 15 NYCRR 2.1 is annulled, that charge is dismissed, the penalties imposed on all the charges are annulled, the determination is otherwise confirmed, the proceeding is otherwise dismissed, and the matter is remitted to the respondent New York State Department of Motor Vehicles for the imposition of a new penalty or penalties.

Despite the petitioner's contentions, we find that there was substantial evidence to support the respondent's determination that the petitioner, a licensed driver education instructor, violated 15 NYCRR 7.5 (b) and Vehicle and Traffic Law § 507 (1) by issuing MV-285's and MV-278's to students who had not received the required classroom training necessary for such certificates. Accordingly, we will not disturb that portion of the respondent's determination *(see, 300 Gramatan Ave. As-*

*socs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Berenhaus v Ward,* 70 NY2d 436).

However, we find that the respondent's determination that the petitioner violated 15 NYCRR 2.1, by receiving fees directly from students, was not supported by substantial evidence, and thus, must be annulled. As the petitioner notes, the respondent failed to present any evidence that the petitioner received payment directly from the students. Although the respondent offered as evidence a check which was made payable to the petitioner, there was no evidence that this check was either cashed or endorsed by the petitioner. There was simply no evidence in the record to contradict the petitioner's testimony that he turned all checks over to the school.

Finally, we have examined the petitioner's remaining contention, that he was deprived of his due process rights at the hearing, and find that it is without merit *(see, Matter of Gray v Adduci,* 73 NY2d 741; *Matter of Eagle v Paterson,* 57 NY2d 831). Thompson, J. P., Bracken, Balletta and Eiber, JJ., concur.