■ In the Matter of DENNIS SALEEBY, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [734 NYS2d 139] —Determination of respondent New York City Police Commissioner, dated June 16, 2000, revoking petitioner's pistol license, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [William McCooe, J.], entered August 31, 2000) dismissed, without costs.

The proof adduced of petitioner's business associations with members of an organized crime family, constituted substantial evidence of petitioner's lack of fitness to possess a firearm. We perceive no basis upon which to disturb the hearing officer's finding that petitioner did not credibly testify as to his purported ignorance of the criminal backgrounds of the organized crime figures he employed at his nightclub (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). Contrary to petitioner's contentions, the hearing officer did not err in relying upon hearsay (*Matter of Gray v Adduci*, 73 NY2d 741; *People ex rel. Vega v Smith*, 66 NY2d 130) and properly reopened the hearing *sua sponte* when he became aware that he did not have sufficient information to make a determination. There is no evidence that the decision to reopen the hearing was the result of bias nor does it appear to have significantly prejudiced petitioner. The continuation of the hearing took place less than a month after the initial hearing was concluded and both parties were allowed time to present whatever further evidence they felt was relevant.

We have reviewed petitioner's remaining contentions and find them unavailing. Concur—Sullivan, P. J., Nardelli, Andrias, Rubin and Saxe, JJ.