■ In the Matter of 572 MARKET CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [739 NYS2d 13] —Determination of respondent State Liquor Authority, dated October 2, 2000, imposing a $1,000 civil penalty on petitioner, unanimously confirmed, the petition denied and the proceeding, brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Walter Tolub, J.], entered on or about February 28, 2001), dismissed, without costs.

Substantial evidence, including the affidavit signed by the undercover, underage police officer used as a decoy in the operation and prepared by his partner in the operation, respondent's witness at the hearing, supports respondent's finding that petitioner sold beer to an underage person without asking for identification in violation of Alcoholic Beverage Control Law § 65 (1) (*see, Matter of Gray v Adduci*, 73 NY2d 741, 742). The testimony of petitioner's cashier that he does not sell alcohol to younger-looking customers without checking proof of age raises a question of credibility that is beyond our review (*see, Matter of DeLion Grocery v New York State Liq. Auth.*, 224 AD2d 298). Concur—Williams, J.P., Lerner, Buckley, Friedman and Marlow, JJ.

■ VITO S. PORTERA, Appellant, v HSBC USA, INC., Respondent. [737 NYS2d 912] —Order, Supreme Court, New York County (Helen Freedman, J.), entered June 18, 2001, unanimously affirmed for the reasons stated by Freedman, J., without costs or disbursements. No opinion. Concur—Williams, J.P., Lerner, Buckley, Friedman and Marlow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES CORTEZ, Appellant. [737 NYS2d 859] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered on or about September 6, 2000, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him to an indeterminate term of from 3 to 9 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 2 to 6 years, and otherwise affirmed.

We find the sentence excessive to the extent indicated. Concur—Williams, J.P., Lerner, Buckley, Friedman and Marlow, JJ.