■ In the Matter of LAWRENCE GOULD, Petitioner, v GREGORY V. SERIO, as Superintendent of Insurance of the State of New York, Respondent. [748 NYS2d 753] —Determination of respondent Superintendent of Insurance, dated March 20, 2002, which found that petitioner demonstrated untrustworthiness to act as an insurance broker or agent, revoked all licenses issued to him and denied all pending applications on his behalf for licensure, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Edward Lehner, J.], entered on or about May 6, 2002) dismissed, without costs.

Respondent's finding that petitioner had over a period of seven months misappropriated premiums from 17 insureds amounting to $6,441.91 is supported by substantial evidence, namely, the testimony of petitioner's former employer, which

the Hearing Officer found credible, and the documents received in evidence at the administrative hearing (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182). Petitioner's contention that the 17 policyholders were not called as witnesses and that their written statements constituted hearsay is unavailing (*see Matter of Gray v Adduci*, 73 NY2d 741, 742).

In light of petitioner's multiple breaches of his fiduciary duty to his clients, revocation of his license is not so disproportionate to his offense as to shock our sense of fairness (*see Matter of McKie v Corcoran*, 162 AD2d 535, 537, *lv denied* 76 NY2d 714; *and see Matter of Noda v Corcoran*, 169 AD2d 526). Concur—Tom, J.P., Saxe, Sullivan, Rosenberger and Lerner, JJ.