# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1235**
**TP 12-00646**
PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF TIMOTHY SZCZEPANIAK, PETITIONER,

V                                                      MEMORANDUM AND ORDER

CITY OF ROCHESTER, RESPONDENT.

---

THE PARRINELLO LAW FIRM, LLP, ROCHESTER (J. MATTHEW PARRINELLO OF
COUNSEL), FOR PETITIONER.

ROBERT J. BERGIN, CORPORATION COUNSEL, ROCHESTER (YVETTE CHANCELLOR
GREEN OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Monroe County [David Michael
Barry, J.], entered April 4, 2012) to review a determination of
respondent.  The determination terminated the employment of petitioner.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum:  Petitioner commenced this proceeding seeking to annul
the determination finding him guilty of disciplinary charges and
terminating him from his employment as a firefighter for respondent.  We
conclude that the determination is supported by substantial evidence,
i.e., "such relevant proof as a reasonable mind may accept as adequate
to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v
State Div. of Human Rights*, 45 NY2d 176, 180; *see* CPLR 7803 [4]; *see
generally Matter of Pell v Board of Educ. of Union Free School Dist. No.
1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222,
230-232).  Hearsay is admissible in administrative proceedings, "and if
sufficiently relevant and probative may constitute substantial evidence"
(*People ex rel. Vega v Smith*, 66 NY2d 130, 139; *see Matter of Gray v
Adduci*, 73 NY2d 741, 742; *Matter of Ebling v Town of Eden*, 59 AD3d 978,
978-979).  The hearsay evidence admitted at the hearing consisted of
attendance records for petitioner's outside employment, and that
evidence was relevant and probative on the charges that petitioner
worked at that outside employment while he was on sick leave or on leave
from his employment with respondent and receiving benefits pursuant to
section 8B-5 of the Charter of the City of Rochester.  Thus, there is no
merit to petitioner's contention that the determination is not supported
by substantial evidence because the evidence presented was hearsay (*see
Matter of Paul v Israel*, 90 AD3d 666, 666).  Finally, we conclude that
the penalty of termination from petitioner's employment is not " 'so

disproportionate to the offense[s] as to be shocking to one's sense of fairness,' " and thus does not constitute an abuse of discretion as a matter of law (*Matter of Kelly v Safir*, 96 NY2d 32, 38, *rearg denied* 96 NY2d 854).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court