Memorandum: Petitioner commenced this proceeding seeking *1621 to annul the determination finding him guilty of disciplinary charges and terminating him from his employment as a firefighter for respondent. We conclude that the determination is supported by substantial evidence, i.e., “such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact” (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]; see CPLR 7803 [4]; see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-232 [1974]). Hearsay is admissible in administrative proceedings, “and if sufficiently relevant and probative may constitute substantial evidence” (People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]; see Matter of Gray v Adduci, 73 NY2d 741, 742 [1988]; Matter of Ebling v Town of Eden, 59 AD3d 978, 978-979 [2009]). The hearsay evidence admitted at the hearing consisted of attendance records for petitioner’s outside employment, and that evidence was relevant and probative on the charges that petitioner worked at that outside employment while he was on sick leave or on leave from his employment with respondent and receiving benefits pursuant to section 8B-5 of the Charter of the City of Rochester. Thus, there is no merit to petitioner’s contention that the determination is not supported by substantial evidence because the evidence presented was hearsay (see Matter of Paul v Israel, 90 AD3d 666, 666 [2011]). Finally, we conclude that the penalty of termination from petitioner’s employment is not “ ‘so disproportionate to the offense[s] as to be shocking to one’s sense of fairness,’ ” and thus does not constitute an abuse of discretion as a matter of law (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001], rearg denied 96 NY2d 854 [2001]). Present— Centra, J.P., Peradotto, Sconiers, Valentino and Martoche, JJ.