Matter of Hogue v Board of Educ. of the City Sch. Dist. of the City of N.Y. (2023 NY Slip Op 04927)

Matter of Hogue v Board of Educ. of the City Sch. Dist. of the City of N.Y.

2023 NY Slip Op 04927

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Kern, J.P., Moulton, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 155400/22 Appeal No. 670 Case No. 2022-04898 

[*1]In the Matter of James Hogue, Petitioner-Appellant,
v
Board of Education of the City School District of the City of New York et al., Respondents-Respondents.

Law Office of Jimmy Wagner, Brooklyn (Jimmy Wagner of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondents.

Judgment, Supreme Court, New York County (Laurence L. Love, J. ), entered October 18, 2022, denying the petition to annul the March 7, 2022 determination of the City of New York Reasonable Accommodation Appeals Panel (the Citywide Panel), which denied petitioner's request for a religious exemption from the COVID-19 vaccination requirement for employees of the New York City Department of Education (DOE), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner has failed to demonstrate that the determination was arbitrary and capricious or made in violation of lawful procedure (CPLR 7803[3]). The Citywide Panel denied petitioner's administrative appeal challenging the denial of his application for a religious exemption from the vaccination requirement, based on the Citywide Panel's findings that he failed to establish that his objection to receiving any of the COVID-19 vaccines was based on a sincerely held religious belief, and that granting the accommodation would impose an undue hardship on DOE. Petitioner "had no demonstrated history of refusing medications or vaccines" (Matter of Marsteller v City of New York, 217 AD3d 543, 544 [1st Dept 2023]), he admitted to receiving a certain vaccination required for him to attend college, and he refused to answer a question about whether he had avoided any other vaccines or medications based on the same objection he raised to the COVID-19 vaccines. While not dispositive on its own, the body of petitioner's initial application appeared to be entirely copied from an online sample application, including material that was supposed to be customized but had been left in an unfinished form, arguably casting doubt on the sincerity of petitioner's purported expression of his beliefs (see Farina v Board of Educ. of City of New York, 116 F Supp 2d 503, 512 [SD NY 2000]). A further rational basis for the determination was provided by DOE's "Position Statement," explaining in detail why granting the accommodation would create an undue hardship for DOE under the circumstances existing at the time.
It does not avail petitioner to argue that the Position Statement was unsigned and undated hearsay. "Generally, administrative proceedings need not conform to all of the . . . evidentiary rules adhered to in judicial tribunals" (Matter of Church of Scientology of N.Y. v Tax Commn. of City of N.Y., 120 AD2d 376, 379 [1st Dept 1986], appeal dismissed 68 NY2d 807 [1986]; see e.g. Gray v Adduci, 73 NY2d 741, 742 [1988]). Contrary to petitioner's position, this Court need not limit its review to the language in the Citywide Panel's decision, as the Panel noted that it had reviewed the agency's determination and all documents submitted both in support of the appeal to the Panel and previously (see Matter of Marsteller, 217 AD3d at 544; see also Matter of Acosta v New York City Dept. of Educ., 16 NY3d 309, 318-319 [2011] [An agency need not "state with specificity its detailed [*2]analysis," or "point to any contemporaneously created record that demonstrates that it considered" all relevant factors]). We also reject petitioner's contention that respondents failed to engage in a cooperative dialogue (see Matter of Marsteller, 217 AD3d at 545).
Petitioner's timeliness arguments related to his administrative appeal to the Citywide Panel are unpreserved, and this Court has no discretionary authority to reach an unpreserved issue in the interest of justice in this article 78 proceeding (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023