Matter of Parson v Unified Ct. Sys. of the State of New York (2024 NY Slip Op 04010)

Matter of Parson v Unified Ct. Sys. of the State of New York

2024 NY Slip Op 04010

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

509.1 TP 23-02069

[*1]IN THE MATTER OF JESSE PARSON, PETITIONER,
v
UNIFIED COURT SYSTEM OF THE STATE OF NEW YORK, RESPONDENT. 

CREIGHTON, JOHNSEN & GIROUX, BUFFALO (JONATHAN G. JOHNSEN OF COUNSEL), FOR PETITIONER. 
DAVID NOCENTI, OFFICE OF COURT ADMINISTRATION, NEW YORK CITY (NIAA C. DANIELS OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Sam L. Valleriani, J.], entered October 4, 2023) to review a determination of respondent. The determination placed petitioner on probation for six months and suspended petitioner without pay for five days. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding seeking to annul the determination finding him guilty of a disciplinary charge and imposing a penalty of a six-month probationary term and suspension without pay for five days. We conclude that the determination is supported by substantial evidence, i.e., "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights , 45 NY2d 176, 180 [1978]; see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County , 34 NY2d 222, 230-232 [1974]). Hearsay is admissible in administrative proceedings, "and if sufficiently relevant and probative may constitute substantial evidence" (People ex rel. Vega v Smith , 66 NY2d 130, 139 [1985]; see Matter of Gray v Adduci , 73 NY2d 741, 742-743 [1988]). The hearsay testimony at the hearing was relevant and probative on the charge that petitioner engaged in misconduct against a female staff member that constituted
sexual harassment. We have considered petitioner's remaining contention and conclude that it is without merit.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court