Matter of East 85th Garage LLC v New York City Dept. of Bldgs. (2024 NY Slip Op 06297)

Matter of East 85th Garage LLC v New York City Dept. of Bldgs.

2024 NY Slip Op 06297

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024

Before: Kern, J.P., Singh, González, Kennedy, Higgitt, JJ. 

Index No. 156698/21 Appeal No. 3281 Case No. 2023-02252 

[*1]In the Matter of East 85th Garage LLC, et al., Petitioners,
v
New York City Department of Buildings, et al., Respondents.

Goldberg Weprin Finkel Goldstein LLP, New York (Jessica Sprague of counsel), for petitioners.
Muriel Goode-Trufant, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondents.

Determinations of the Office of Administrative Trials and Hearings (OATH), dated March 17, 2021, which, after a hearing, affirmed five violations of Administrative Code § 28-105.1 issued by the New York City Department of Buildings (DOB), and assessed a penalty of $1,250 per violation, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Debra A. James, J.], entered on or about November 30, 2022), unanimously dismissed, without costs.
Substantial evidence supports OATH's determination that petitioners violated New York City Building Code [Administrative Code of City of NY] § 28-105.1 by displaying parking garage signs without a permit (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-182 [1978]). The DOB summonses that were the basis of the OATH hearings were affirmed by DOB's investigating officer under the penalty of perjury; the summonses described the parking garage signs and stated that the officer observed the violations in question. The DOB's attorney also represented at the hearing that the photographs admitted into evidence came from the DOB's inspection unit. Given these circumstances, OATH had a rational basis for finding that the evidence relied upon at the hearing was both reliable and credible (see Rules of OATH Hearings Division[48 RCNY] § 6-12[c]; Matter of Volpe v New York City Dept. of Bldgs., 194 AD3d 459, 460 [1st Dept 2021]).
Nor were petitioners' due process rights violated because OATH did not require the investigating officer to appear and testify under penalty of perjury (see Gray v Adduci, 73 NY2d 741, 742 [1988]). OATH had a rational basis for finding that the investigating officer's hearing testimony was not necessary to ensure a fair hearing, especially because no party contested that petitioners put up the signs in question and did so without permits (see 48 RCNY § 6-15[a]); Matter of Umeokafor v City of New York, 199 AD3d 435, 436 [1st Dept 2021]).
We reject petitioners' argument that there is no penalty available for the display of these signs, for the reasons set forth in West 81st Garage, LLC v New York City Dept. of Bldgs. _AD3d_ [1st Dept 2024], decided simultaneously with this decision.
At the OATH hearing, petitioners failed to raise their arguments that any future fines would be arbitrary and capricious and that any penalty higher than zero is unconstitutional under the Eighth Amendment to the United States Constitution. These arguments are therefore unpreserved for our review. To the extent that the record permits review of petitioners' arguments regarding the ostensibly excessive nature of the penalties, we find that the penalties serve a remedial purpose, are not grossly disproportional to the gravity of the offense, and do not shock the conscience (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester [*2]County, 34 NY2d 222, 240 [1974]; Matter of Tiwari v City of New York, 190 AD3d 442, 443 [1st Dept 2021]; Prince v City of New York, 108 AD3d 114, 119, 121 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2024