■ In the Matter of ISIDORE ADLERSTEIN, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant. — In a proceeding pursuant to CPLR article 78, the appeal is from an order of the Supreme Court, Kings County (Kartell, J.), dated April 6, 1982, which, upon renewal of a proceeding which culminated in a judgment dated April 2, 1982, superseded said judgment to the extent of awarding petitioner back pay for his period of suspension from his job. Order reversed, on the law, without costs or disbursements and motion for renewal denied. Petitioner, a tenured teacher of fine arts at New Utrecht High School, has been employed by the board of education under permanent appointment since September, 1959. On October 3, 1979 the board approved the preference of charges against petitioner pursuant to section 3020-a of the Education Law and he was suspended from employment effective September 27, 1979 without pay pending his acceptance of a reassignment. The charges were based upon petitioner's failure to render adequate instruction to the students in his classes, his inability to maintain a classroom environment conducive to learning, his failure to maintain accurate records and his alleged acts of insubordination. The decision to suspend petitioner was in accordance with official board of education policy to the effect that a teacher should be suspended from regular classroom duties when the gravamen of the charges tendered is that teacher's unfitness to teach. In the case of teachers who have been suspended, the board of education generally attempts a reassignment to administrative duties for the period of the suspension. Pursuant to this procedure, petitioner was ordered to report to the office of the superintendent of high schools on September 24, 1979. Petitioner was thereupon informed that he was being reassigned to the office of Nathan Quinones, director of high schools. He failed to report to said office. A three-member panel appointed pursuant to section 3020-a of the Education Law conducted extensive hearings which concluded on June 10, 1980. Petitioner's attorney was informed as early as the first hearing that petitioner would receive his wages only if he reported to his reassigned position. Absent any proffered excuse for petitioner's failure to report to work, said failure was deemed intentional. In a decision dated October 1, 1980, the hearing panel unanimously found that the board had not sustained the burden of proof necessary to support guilty findings as to eight of the 13 specific charges, leveled against petitioner. As per the hearing panel's findings, the board had successfully met its burden of proof with respect to the five remaining charges. However, although the panel deemed this fact sufficient to warrant the issuance of an unsatisfactory rating, it was clearly insufficient to justify dismissing petitioner from his employment. The panel's recommendation was that petitioner be returned to the classroom with the "profound hope" that the board of education would be able to assign him to another school. By resolution dated October 22, 1980, the board implemented the recommendation of the panel that petitioner be restored to classroom duties. The board further resolved to appeal the findings and recommendation of the panel to the Commissioner of Education pursuant to subdivision 5 of section 3020-a of the Education Law. In accordance with the aforesaid resolution, the board reassigned petitioner as an art teacher to Susan Wagner High School, effective November 24, 1980. Once again, petitioner refused to accept his reassignment whereupon the board continued to withhold his wages. By letter dated February 23, 1981, petitioner made demand upon the board for the full payment of wages and benefits due him since September 27, 1979, the effective date of his suspension. Petitioner furthermore expressed his desire to

be reassigned as an art teacher to New Utrecht High School or to another school proximate thereto and within the same school district. In response the board noted that subdivision 2 of section 3020-a of the Education Law has not been interpreted so as to allow for a gift of public funds. Moreover, the hearing panel had specifically expressed a preference for reassigning petitioner to a school other than New Utrecht. Consequently, the board's unofficial response to petitioner was that he had no legal claim with respect to either of his demands. Petitioner was directed to take up the matter of his transfer to another school with the director of the division of personnel who has "the ability to address the merits of the issue". In June, 1981, petitioner commenced the instant article 78 proceeding seeking all back pay and pension contributions since the date of his suspension, as well as an order directing his reinstatement to his former position at New Utrecht High School. The board thereupon moved to dismiss the petition on the ground that petitioner's claims were barred by the Statute of Limitations under both CPLR 217 and subdivision 1 of section 3813 of the Education Law and that petitioner had failed to exhaust his administrative remedies in that he had not availed himself of the grievance procedure set forth in the collective bargaining agreement. On November 17, 1981 the Commissioner of Education issued a decision in the matter of the board's appeal from the hearing panel's recommendation. Based upon his finding that petitioner had evidenced serious deficiencies in his classroom performance, the commissioner authorized the board to suspend petitioner without pay for a period of up to one semester or, in the alternative, to impose a fine of up to $5,000. The board opted to suspend petitioner without pay for the semester commencing February 1, 1982. By judgment dated April 2, 1982 Special Term dismissed the article 78 proceeding without prejudice to renewal, based upon the finding that petitioner had failed to exhaust his administrative remedies. Upon renewal, the court found that petitioner's failure to utilize the grievance procedure afforded by the union contract constituted a waiver of said right. Without stating the basis for the award, Special Term went on to grant petitioner back pay from September 27, 1979 up through November 17, 1981, the date of the commissioner's decision. It is from this order that the instant appeal lies. We are of the view that the order should be reversed and the motion to renew denied. While the Court of Appeals has held that section 3020-a of the Education Law does not authorize the suspension of a tenured teacher without pay (*Matter of Jerry v Board of Educ.*, 35 NY2d 534), such holding should not be read to afford a suspended employee, who refused to accept reassignment to substitute duty, the windfall of a vacation with pay pending the disposition of a disciplinary proceeding some 26 months later. Suspending a tenured teacher without pay for failure to follow a board directive is not unprecedented. In *Matter of McNamara v Commissioner of Educ.* (80 AD2d 660), a tenured elementary school teacher was found guilty of insubordination for refusing to complete a psychological examination in direct contravention of a board order. The penalty imposed was suspension without pay until such time as she submitted to a complete psychological examination. Analogously, petitioner's salary was properly withheld in the instant case in view of his refusal to report for reassignment during the period of his suspension. Petitioner was not suspended from all duties in the instant case. Rather, he was suspended from his particular assignment and given two different assignments, both of which he refused to accept. There exists no policy against reassigning a suspended teacher to perform other appropriate duties during the period of his or her suspension (see *Matter of Nino v Yonkers City School Dist.*, 43 NY2d 865; *Matter of Union Free School Dist. v Miller*, Supreme Ct, Suffolk County, Jan. 11, 1982, Jones, J.; *Matter of Satz*, Comm Interim Order [May 13, 1982]). Petitioner's reassignment to the office of the

executive director of the division of high schools of the board of education for administrative duties did not constitute a penalty, being neither a reprimand, suspension, dismissal or fine (see Education Law, § 3020-a, subd 4). Moreover, the reassignment to Susan Wagner High School was within the discretionary power of the board to alter teaching assignments (*Matter of Board of Educ. v Ambach,* 84 AD2d 55, 58, revd on other grounds 56 NY2d 792). In view of these circumstances, petitioner's unjustified failure to accept reassignment bars any claim which he might otherwise have had to continued salary (*Matter of MacDonald,* Comm Dec No. 10912 [Sept. 16, 1982]). We further note that the consequence of Special Term's determination that petitioner's failure to timely utilize the grievance procedure provided in the union contract relative to the alleged impropriety of his reassignments constitutes a waiver, and the fact that petitioner failed to file a written notice of claim as required by subdivision 1 of section 3813 of the Education Law relative to his unpaid wages, is that petitioner no longer has a right to redress for either of these alleged wrongs for the period of September 27, 1979 to November 17, 1981. The matter of the board's suspending petitioner without pay for the semester beginning February 1, 1982 was not before Special Term and we render no decision as to that. Damiani, J. P., Weinstein, Niehoff and Boyers, JJ., concur.