■ In the Matter of JACK RADOFF, Petitioner, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent board of education, dated March 2, 1983, which, upon the recommendation of a hearing panel, dismissed petitioner from his tenured position as a social studies teacher pursuant to section 3020-a of the Education Law. Determination confirmed and proceeding dismissed on the merits, with costs. Petitioner's argument that there was no

substantial evidence to support the respondent board of education's determination is without merit, inasmuch as said argument is based on the legal residuum rule (see *Matter of Carrol v Knickerbocker Ice Co.,* 218 NY 435) which no longer has vitality in this State (*Matter of Eagle v Paterson,* 57 NY2d 831, 833). In any event, our review of the record reveals that the board's determination was based on evidence which could reasonably convince the trier of fact that petitioner was guilty of the charges brought (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181). Nor was petitioner deprived of his due process right to confront adverse witnesses by the board's failure to produce, at the hearing, the author of an interoffice memorandum used to support its case, when petitioner was free to subpoena this person (cf. *Richardson v Perales,* 402 US 389, 404-405). The penalty of dismissal was not excessive in view of the fact that petitioner refused to perform reassigned duties during his suspension pending a hearing on other charges, and he was found to have willfully absented himself without authorization for a period of almost 11 months (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Petitioner's remaining contentions have been considered and have been found to be entirely lacking in merit (see *Matter of Adlerstein v Board of Educ.,* 96 AD2d 1077). Mollen, P. J., Titone, O'Connor and Weinstein, JJ., concur.