■ In the Matter of HENRY SCHLOER, Petitioner, v COMMISSIONER OF THE DEPARTMENT OF MOTOR VEHICLES, Respondent. — Main, J. P.

Petitioner commenced this CPLR article 78 proceeding to challenge the revocation of his motor vehicle operator's license. Initially, there is no merit to petitioner's contention that he was denied his due process right to confront and cross-examine his accusers. The failure to have the witnesses whose statements were read present at the hearing did not deprive petitioner of any due process right to cross-examine adverse witnesses, especially in light of the fact that petitioner was free to subpoena any witness he desired to question (*Matter of Eagle v Paterson*, 57 NY2d 831, 833; *Matter of Radoff v Board of Educ.*, 99 AD2d 840, 841, *affd* 64 NY2d 90).

We further conclude that there is substantial evidence in the record to support respondent's determination. The evidence at the hearing revealed that, on March 24, 1982, petitioner was driving an automobile on State Route 369 in Broome County and that his automobile struck a vehicle being operated by Karen Morrison from the rear as the Morrison vehicle was preparing to make a left turn from State Route 369 into a trailer park. The impact forced the Morrison vehicle into the oncoming lane of traffic, where it collided with a school bus. Morrison died as a result of injuries sustained in the crash while other persons in the various vehicles involved sustained injuries of varying severity. At the accident site, the road was dry, level and straight and the visibility was excellent.

The investigating police officer testified that it was his opinion that the Morrison vehicle's turn indicator lights were operating at the time of the accident. There was other evidence, in the form of statements by witnesses, supporting the conclusion that the Morrison vehicle's signal lights were operating at the time of the accident. Other evidence, in the form of statements by witnesses, indicates that petitioner was operating his automobile at a high rate of speed shortly before the accident, passing other vehicles in no passing zones and weaving in and out of

traffic. Such evidence certainly supports the conclusion that petitioner's license should be revoked "for gross negligence in the operation of a motor vehicle * * * or operating a motor vehicle * * * in a manner showing a reckless disregard for life or property of others" (Vehicle and Traffic Law § 510 [3] [e]). We note that inasmuch as administrative determinations may be supported by hearsay alone (*Matter of Eagle v Paterson, supra,* p 833; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180, n) and that there was more than only hearsay evidence to support the determination herein, viz., the testimony of the investigating officer, there is no merit to petitioner's claim that the hearsay evidence was so prejudicial as to deny him a fair hearing.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.