◼ In the Matter of LAURA VERBEECK, Petitioner, v BOARD OF EDUCATION, SHOREHAM-WADING RIVER CENTRAL SCHOOL DISTRICT, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education, Shoreham-Wading River Central School District, dated January 25, 1984, which, after a hearing, sustained a determination of the District Superintendent of Schools, upholding the petitioner's dismissal from her full-time position as a custodian at the district's middle school.

Petition granted, to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the respondent Board of Education for a new hearing.

By notice dated August 16, 1982, the petitioner was discharged from her position as a custodian for allegedly falsifying her time records with respect to specific work days during the week ending August 6, 1982. At a court-ordered hearing held on November 14, 1983, the petitioner denied that she had made any false entries with respect to the days worked during the said week, and presented other evidence in support thereof. At that hearing, the respondent's counsel amended the charges to indicate, for the first time, that the days in question involved the week ending August 13, 1982. The petitioner's request for an adjournment to prepare a defense with respect to the new dates was then granted, and the respondent's counsel indicated that he would produce Daniel

Pisarra, the petitioner's immediate supervisor, and John Lutz, Pisarra's supervisor, to resolve the issue "with everybody present".

At the continued hearing on December 12, 1983, Pisarra was not present, nor was any explanation provided for his failure to appear, and Lutz could only relate to the Board what was told to him by Pisarra. Nevertheless, the Board thereafter received a verified statement from Pisarra, dated January 9, 1984, with respect to the petitioner's alleged absences, which it apparently considered in rendering its decision.

We find that the petitioner was denied a meaningful hearing, as contemplated by the collective bargaining grievance procedure. Specifically, since the respondent's counsel indicated that Pisarra would be present at the continued hearing, Pisarra was apparently not subpoenaed by the petitioner. Moreover, Pisarra's letter to the respondent Board postdated the second hearing, precluding a response by the petitioner. Accordingly, the matter is remitted for a new hearing at which time the respondent is to produce Pisarra or, if unable to produce him, to so inform the petitioner to enable her to subpoena him, if she be so advised (cf. *Matter of Radoff v Board of Educ.,* 99 AD2d 840, *affd* 64 NY2d 90). Mollen, P. J., Mangano, Lawrence and Kooper, JJ., concur.