■ In the Matter of J. DAVID EHMANN, Petitioner, v THOMAS M. WHALEN, III, as Mayor of the City of Albany, Respondent.—Kane, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review, *inter alia,* a determination of respondent which demoted petitioner from the position of Chief Building Inspector of the Albany City Building Department to that of Building Inspector.

Petitioner has been employed by the Albany City Building Department since 1976. In October of 1984, petitioner, who at the time was a Chief Building Inspector for the Department,* was served with disciplinary charges alleging five counts of misconduct. Petitioner was accused of intentionally violating the Department's policy of prohibiting the use of plastic pipe for certain plumbing uses by informing homeowners, contractors and members of the general public that it is legally permissible to install plastic pipe in various buildings located

---

* Petitioner performed general framing inspections of buildings and did not perform plumbing inspections.

in the City of Albany. It appears that for many years, there has existed in the Department a policy, of which petitioner was aware, prohibiting the use of plastic pipe in the city. Petitioner was specifically advised that this was the Department's policy on September 24, 1984. Despite this notice, it is alleged that petitioner continued to inform people that it was proper to use plastic pipe. Petitioner's insistence that it was proper to use plastic pipe was apparently based on the city's adoption of the State Uniform Fire Prevention and Building Code (the State code) (see, 9 NYCRR part 900 [Required Plumbing Facilities]), which allows the use of plastic pipe. However, the State code reserves to local authorities the right to determine what materials are permissible to be used in that area (see, 9 NYCRR 904.1 [b]). Although the city did not, at the time, appear to have formal regulations prohibiting the use of plastic pipe, it appears, as noted previously, that such a prohibition was well known.

Pursuant to Civil Service Law § 75, a hearing was held in November of 1984. The Administrative Law Judge (ALJ), after making detailed findings, found petitioner guilty of three counts of misconduct. On February 6, 1985, respondent adopted the findings of fact and the recommendation of the ALJ and demoted petitioner from the position of Chief Building Inspector to Building Inspector, with a reduction in salary from $20,418 to $14,575. This CPLR article 78 proceeding ensued.

A review of the record reveals that, contrary to petitioner's assertion, the findings of misconduct are supported by substantial evidence. Petitioner also challenges the ALJ's decision by claiming that, since the State code allowed the use of plastic pipe and because the Department's prohibition of plastic pipe was not contained in any local law when his conduct occurred, he could not have committed an act of misconduct sufficient to impose a penalty. This claim must be rejected. Petitioner confuses the issue of insubordination with that of whether the Department's policy could be upheld in a court of law. Regardless of the enforceability of the Department's policy, it is clear that one existed. It is also clear that petitioner knew of this policy and was warned that he should uphold it. In direct contravention, he advised individuals to break the Department's policy. Such conduct evinced insubordination sufficient to impose a penalty.

Petitioner next contends that his conduct was protected under the US Constitution 1st Amendment. Specifically, he contends that the topic concerning the use of plastic pipe is a

matter of public concern and his conversations with various individuals were academic in nature and unrelated to any official function he performed. Petitioner claims, therefore, that when he was demoted for discussing such topics, respondent impermissibly retaliated against him for exercising his 1st Amendment rights. A review of the record reveals that even if petitioner's speech could be considered a matter of public concern, it was so only in a limited sense and it was not improper for respondent to discipline him *(see, Connick v Myers,* 461 US 138).

In *Pickering v Board of Educ.,* (391 US 563), the United States Supreme Court established a test to be applied in order to determine whether a public employee's speech or activity qualified for constitutional protection. Under the test established, the question is to be settled by striking: "a balance between the interests of the [public employee] as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees" *(supra,* at p 568). In this case, the balance should be struck on the side of respondent. Petitioner, a representative of the Department, after being warned not to continue advising individuals that they could use plastic pipe in the city, did so. His conduct, therefore, is more analogous to insubordination than to free speech *(cf. Williams v Day,* 553 F2d 1160, 1162). His conduct challenged his superiors and had the potential to disrupt the operation of the Department. Petitioner's choice to continue challenging his employer's policy, after he was specifically warned not to, was a course of action he pursued at his own risk. Accordingly, it is our opinion that petitioner's conduct herein is not entitled to 1st Amendment protection.

Petitioner's final contention is that the penalty imposed was excessive. Although petitioner was apparently acting with good intentions, the fact remains that he was guilty of insubordination. Accordingly, while the sanction of dismissal under these circumstances might have been excessive, a demotion cannot be considered so severe as to shock " 'one's sense of fairness' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). The determination should, therefore, be confirmed.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.