■ In the Matter of MICHAEL WRIGHT, Petitioner, v COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent.—Proceeding pursuant to CPLR article

78 to review a determination of the respondent Commissioner of the New York State Department of Motor Vehicles, dated April 2, 1990, which, after a hearing, suspended the petitioner's driver's license for four months upon a finding that he violated Vehicle and Traffic Law §§ 1111 and 1170.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

On February 8, 1989, the petitioner, while driving a car, struck a pedestrian who was engaged in the repair of a railroad crossing gate. The petitioner's vehicle then proceeded across the railroad tracks into the opposite lane of traffic and struck a vehicle. Both the pedestrian and the operator of the vehicle struck by the petitioner died as a result of the accident.

The New York State Department of Motor Vehicles held a hearing to investigate the fatal accident and the Administrative Law Judge determined that the petitioner violated Vehicle and Traffic Law §§ 1111 and 1170. The petitioner's license was suspended for four months. This determination was affirmed by the Administrative Appeals Board and accepted by the Commissioner of Motor Vehicles. The petitioner contends that the finding of the Administrative Law Judge that he violated Vehicle and Traffic Law §§ 1111 and 1170 was not supported by substantial evidence because hearsay evidence was considered by the Administrative Law Judge. He also argues that he was denied his due process right to confront and cross-examine any adverse witnesses.

The duty of weighing the evidence and resolving conflicting testimony rests solely upon the administrative agency (see, Matter of Berenhaus v Ward, 70 NY2d 436, 443-444). The scope of our review of the Commissioner's determination is limited to the question of "whether a determination * * * is, on the entire record, supported by substantial evidence" (CPLR 7803 [4]). This determination must be made in light of the fact that "[h]earsay evidence can be the basis of an administrative determination" (Matter of Gray v Adduci, 73 NY2d 741, 742).

The determination under review was based on evidence which could reasonably convince the trier of fact that the petitioner was guilty of the charges (see, Matter of Radoff v Board of Educ., 99 AD2d 840, affd 64 NY2d 90). The investigating officer's testimony rationally supported the Commissioner's determination. Thus, substantial evidence exists to support the determination at issue (see, Matter of Fazzone v Adduci, 155 AD2d 540).

There is no merit to the petitioner's contention that he was denied his due process right to confront and cross-examine adverse witnesses, since the petitioner was free to subpoena any witness he desired to question *(see, Matter of Schloer v Commissioner of Dept. of Motor Vehicles,* 110 AD2d 1010). Sullivan, J. P., Miller, Ritter and Pizzuto, JJ., concur.