■ In the Matter of VICTOR NELSON, Petitioner, v CITY OF BUFFALO FIRE DEPARTMENT, Respondent. [678 NYS2d 209] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: At the outset, we note that, because the petition in this CPLR article 78 proceeding raised a substantial evidence question, Supreme Court should not have ruled on the other legal issue raised therein (*see,* CPLR 7804 [g]; *Matter of Ocean v Selsky,* 252 AD2d 984; *Matter of Davis v Kelly,* 145 AD2d 950, *lv denied* 74 NY2d 603). The matter now being before us, however, we may decide the issue de novo.

Petitioner firefighter contends that respondent's determination finding him guilty of disruption of company harmony and insubordination is arbitrary, capricious and an abuse of discretion and is affected by an error of law because the charges were brought in violation of petitioner's constitutional right of freedom of expression as guaranteed by the First Amendment of the US Constitution. The disciplinary charges against

petitioner arose when he displayed in the firehouse a T-shirt containing a racial message that was offensive to a number of his fellow firefighters and refused to obey direct orders from his superiors to remove the shirt.

In determining whether a public employee's speech or activity qualifies for constitutional protection, the issue is to be settled by striking "a balance between the interests of the [public employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees" (*Pickering v Board of Educ.*, 391 US 563, 568).

Even assuming that the message on the T-shirt was an expression of opinion protected by the First Amendment, we conclude that the record establishes that petitioner was not disciplined for the message expressed on the shirt. Rather, he was disciplined for his conduct in refusing the direct orders of his superiors. The record also establishes that petitioner's conduct constituted insubordination and was disrupting company harmony at the firehouse. Petitioner chose to continue challenging his employer's policy against further display of T-shirts at the firehouse after he was specifically ordered to take the T-shirts down and thereby pursued a course of action at his own risk. Thus, it was not improper for respondent to discipline petitioner for his conduct in refusing to obey direct orders (*see, Connick v Myers*, 461 US 138; *Matter of Ehmann v Whalen*, 118 AD2d 1023, 1025, *appeal dismissed* 68 NY2d 663, *lv denied* 68 NY2d 607). "Although petitioner was apparently acting with good intentions, the fact remains that he was guilty of insubordination", and his conduct is not entitled to First Amendment protection (*Matter of Ehmann v Whalen, supra,* at 1025).

Respondent's determination is supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180), and the penalty of two months' suspension without pay is not "shocking to one's sense of fairness" (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *see, Matter of Rivera v Beekman,* 86 AD2d 1). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Mahoney, J.) Present—Green, J. P., Lawton, Callahan, Boehm and Fallon, JJ.