■ In the Matter of the Claim of EDWARD P. JOHNSON, Appellant. TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Respondent; COMMISSIONER OF LABOR, Respondent. [689 NYS2d 756] —Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 30, 1997, which re-

scinded the decision of the Administrative Law Judge and remitted the matter for further development of the record.

Inasmuch as the Unemployment Insurance Appeal Board is authorized to remit a case "for such purposes as it may direct" (Labor Law § 621 [3]; *see, Matter of Huntt [Sweeney]*, 239 AD2d 644), our review is limited to determining whether the Board abused its discretion in this instance (*see, Matter of De Benedetto [Town of Brookhaven—Sweeney]*, 244 AD2d 740). Claimant contends that the Board erred in concluding that the employer did not have an opportunity to cross-examine him. The record establishes that, at the hearing where claimant testified, the employer's representative appeared prior to the hearing and requested an adjournment. When the request was denied, the representative left the hearing room and the record was marked as no appearance for the employer. The employer's subsequent application to reopen was granted based upon the unavailability of its key witness at the time of the original hearing, but claimant did not thereafter testify at the reopened hearing. Under these circumstances, the Board could rationally conclude that the employer did not have an opportunity to cross-examine claimant.

Claimant also contends that the Board erred in failing to consider the cost and inconvenience of remittal to him, as he had moved to Florida. Claimant, however, was represented by counsel who knew or should have known that hearings may be held by telephone conference calls (*see*, 12 NYCRR 461.7 [c] [2]), and the notice of hearing on remittal specifically directed claimant to provide his current telephone number. We see no abuse of discretion in the Board's decision to rescind and remit.

Claimant further alleges error in the Board's failure to rule on his cross appeal regarding his application to hold the employer in contempt for failing to comply with three subpoenas issued by claimant's attorney. Assuming that the cross appeal was properly taken, claimant was not aggrieved by the Board's failure to rule on it, for claimant failed to pursue the proper method to enforce subpoenas issued in an administrative proceeding (*see*, CPLR 2308 [b]; *Matter of Anderson v Bane*, 199 AD2d 708, 711).

Mikoll, J. P., Mercure, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.