■ In the Matter of JOHN J. STIGLMEIER, JR., Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [712 NYS2d 223] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County), to review a determination of respondent Commissioner of Motor Vehicles which revoked petitioner's license to drive.

Petitioner commenced this proceeding challenging the revocation of his driver's license by an Administrative Law Judge (hereinafter ALJ), affirmed on appeal by the Department of Motor Vehicles Appeals Board (hereinafter the Board) for his refusal to take a breathalyzer test. At the initial appearance for the license revocation hearing, the arresting officer and counsel for petitioner appeared; an adjournment was requested by counsel grounded upon petitioner's appearance before City Court concerning the same incident. Although the hearing was rescheduled, the ALJ heard testimony of the arresting officer but did not permit cross-examination. He noted that if a prima facie case against petitioner was presented, the officer's appearance on the adjourn date would not be required unless subject to petitioner's subpoena.

Testimony of the arresting officer detailed that he had observed petitioner drive through a stop sign at a downtown intersection. Upon exiting from his car at the officer's request, petitioner exhibited symptoms of intoxication which included slurred speech, glassy eyes and an unsteady gait; he admitted to having consumed a glass of wine with dinner. Various field sobriety tests were then administered with petitioner performing poorly; when asked if he would take a breathalyzer test, petitioner declined. He was then placed under arrest and read standard warnings from a preprinted card which included, inter alia, notification that his refusal to submit to a chemical test could result in his license being immediately suspended

and subsequently revoked. Notwithstanding these warnings, the subsequent request was again refused as were at least four others given to petitioner at the police station.

On the adjourn date, petitioner sought to serve a subpoena on the arresting officer at the police barracks directing him to appear. As the subpoena was presented one hour prior to the scheduled time of such hearing and the officer was not working at the time that such subpoena was served, he did not appear; petitioner's request for a second adjournment was denied. At the hearing, petitioner testified that the arresting officer never asked him to submit to a chemical test of his breath or blood during the traffic stop. When taken to the police station, he conceded that he was asked to take a breathalyzer test but, stating his preference for a blood test, declined the breathalyzer when no blood test was available. Following the hearing, petitioner's license was revoked; the Board affirmed.

We reject petitioner's initial contention that the ALJ's failure to make a formal finding that a prima facie case had been established at the end of the initial hearing mandates vacatur. State Administrative Procedure Act § 307 (1) only requires that a final decision, determination or order, not an intermediate determination adverse to a party in an adjudicatory proceeding, be in writing or stated on the record. Had a prima facie case not been established at the conclusion of the arresting officer's testimony, the ALJ would not have iterated petitioner's need for a subpoena if he desired to cross-examine the officer on the adjourn date.

Similarly without merit is the assertion that the failure of the arresting officer to appear at the adjourned hearing deprived petitioner of his due process right to confront and cross-examine him (see, Matter of Gray v Adduci, 73 NY2d 741; Matter of Wright v Commissioner of N. Y. State Dept. of Motor Vehicles, 189 AD2d 767; Matter of Schloer v Commissioner of Dept. of Motor Vehicles, 110 AD2d 1010, lv denied 65 NY2d 606). As petitioner failed to effect timely service of a subpoena upon such officer, there existed no viable basis for a dismissal of the proceeding due to the officer's failure to appear (see, Matter of Wright v Commissioner of N. Y. State Dept. of Motor Vehicles, supra).

Concluding that the determination was supported by substantial evidence (see, CPLR 7803 [4]; Matter of Gray v Adduci, supra), we confirm.

Mercure, J. P., Carpinello, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.