OPINION OF THE COURT
Joseph D. McGuire, J.
Before the court is the application of Richard W. Hoch, doing business as Rick’s General Store, for a judgment pursuant to CPLR article 78. Petitioner requests that a decision by the *463 New York State Department of Health be vacated, that the fine imposed be set aside, and that the suspension of petitioner’s “Retail Dealer Certificate of Registration” for sale of cigarettes and/or tobacco products be withdrawn.
Following an administrative hearing and an appeal to the Administrative Tribunal of the New York State Department of Health, petitioner was found to have violated those provisions of the Public Health Law prohibiting sale of tobacco products to a person under the age of 18 years. The offense was said to have occurred on August 29, 2001, when a “student aide” purchased cigarettes from the establishment of petitioner. An employee of the Department of Health, Mr. Brown, was present when the sale occurred.
During the administrative hearing the Department of Health employee stated the date of birth of the student aide was April 18, 1984. In response to a question “How was that date of birth verified?” the employee stated: “In order to hire any of these kids, we have to have a copy of their original birth certificate. We make a copy for our records. We have their license, if they have a driver’s license, student working papers, and a picture I.D.” (Department of Health administrative hearing transcript, at 3). The employee was not specifically asked if he performed a verification of the particular aide with those records, although it was assumed that he did so.
During the cross-examination of the Department of Health employee, the following colloquy occurred:
“Mr. Riley (Attorney for Petitioner): Yes I have some questions for Mr. Brown. Mr. Brown do you have a copy of information from the person who allegedly purchased the cigarettes under 18, by copy of the driver’s license, I.D. and other information?
“Mr. Brown: We have this in the files.
“Mr. Boxberger: That’s correct.
“Mr. Riley: Can we ask that that be produced?
“Mr. Boxberger: We would request that it not be required to protect the confidentiality and identity of the student aide.
“Mr. Riley: I would object to that, there’s got to be some evidence that in fact, this person was less than 18 years of age. We are not talking an organized crime case here. If this person is less than 18, I think there should be some evidence in the file that that is in fact the case.
“Mr. Coffey (Administrative Hearing Officer): Whether the Department produces it or not is up to the Department. I have *464 the testimony on the record as to how they determine the individual is under age. That is what the Department said and that’s what the case will rest on. I am not going to compel them to disclose the identity of the individual if they don’t desire to” (Department of Health administrative hearing transcript, at 9-10).
Petitioner objected and moved to dismiss in view of the agency’s refusal to produce the evidence.
At the further administrative appellate level, petitioner also argued the agency’s failure to produce the documentary evidence or the person who made the purchase. The agency again stated that they check birth certificates, require working papers and screen driver’s licenses or sheriffs I.D. to verify a buyer’s age, and that it is “routine policy” that such information is not provided to the hearing officer or to the respondents.
Petitioner argues that as a result of various errors the agency decision was arbitrary and capricious and there was a lack of substantial evidence. Petitioner further alleges that the penalty imposed is disproportionate to the claimed offense. The errors are said to encompass: a failure to present documentary evidence proving the alleged minor purchaser’s age; a failure to produce the alleged minor at the hearing for cross-examination; and errors in a “compliance form” including the wrong town and the wrong store number.
Respondent Department of Health answered: that the petition failed to state a cause of action; that hearsay evidence is admissible in an administrative hearing; that any errors that occurred were minor in nature and in any event the “compliance form” errors were corrected; that the hearing evidence was substantial and sufficient; and in any event the issue of substantial evidence requires that the matter be transferred to the Appellate Division, Fourth Department. An additional matter relating to a stay issued by the court need not be decided. At oral argument respondent, assuming the agency determination would be sustained, acknowledged that this court could decide the case if the substantial evidence issue is not reached.
I. Failure to state a cause of action.
Respondent is correct that a petition must contain factual allegations alleging a legal wrong (Matter of Davidson v Tapley, 57 AD2d 927; Matter of Kirk v Bahou, 73 AD2d 770, affd 51 NY2d 867). In this proceeding, respondent raised this defense, in effect, in the form of a dismissal motion (see e.g., Matter of Ushkowitz v Helfand, 22 AD2d 700, affd 15 NY2d 713). “[0]n a *465 motion to dismiss for failure to state a cause of action the court may consider such motion as one for summary judgment * * * ” (Matter of Morey v City of Gloversville, 203 AD2d 625, 626).
On such a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction, the facts as alleged are accepted as true for evaluation purposes and a court needs to determine only whether the facts as alleged fit within any cognizable legal theory (Leon v Martinez, 84 NY2d 83; CPLR 3026). A dismissal is warranted only if the claim by respondent “conclusively establishes” the defense as a matter of law (see Leon v Martinez, 84 NY2d 83).
The petition here meets the pleading rules for an article 78 proceeding. Proper parties are named, fact allegations are set forth, there is sufficient particularity to provide notice of the claims made, there is no prejudice shown to the respondent and a claim for relief is stated.
II. Hearsay.
Respondent is also correct that the rules of evidence need not be strictly followed in an administrative proceeding and hearsay is allowed (State Administrative Procedure Act § 306 [1]; Matter of Morfesis v Sobol, 172 AD2d 897, lv denied 78 NY2d 856). It may be relied upon by the hearing officer (Matter of Daniel G. v Schauseil, 292 AD2d 853 [4th Dept 2002]), and if such hearsay is “sufficiently relevant and probative, [it] may constitute substantial evidence to support the underlying determination” (Matter of Robert OO. v Dowling, 217 AD2d 785, 786, affd 87 NY2d 1043). When a determination is based solely on the age of a minor who did not testify, however, there is a substantial evidence question involving such hearsay that, in an appropriate circumstance, can result in reversal (see Matter of Karam v New York State Liq. Auth., 163 AD2d 869).
III. Notice errors.
There is no merit to the claim by petitioner that errors in the compliance form impacted the determination. Petitioner received notice of the proceeding, the errors were minor in nature, and at best there was a credibility issue for the hearing officer to resolve.
IV. Substantial evidence.
The substantial evidence test is the method of reviewing an agency’s fact-finding determination by way of certiorari, and it has commonly been said to require “such relevant evidence as a reasonable mind might accept as adequate to support a conclusion” (Matter of Stork Rest. v Boland, 282 NY 256, 274 *466 [internal quotation marks omitted]; see also 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176). In the usual case, the matter is transferred to the Appellate Division when such an issue is raised (CPLR 7804 [g]).
However, even if a substantial evidence question has been raised, before there is transfer to the Appellate Division, the Supreme Court “shall first dispose of such other objections as could terminate the proceeding, including but not limited to lack of jurisdiction, statute of limitations and res judicata * * (CPLR 7804 [g].) If the petitioner has raised a substantial evidence question, the court should not rule on other legal issues in the petition unless they terminate the proceeding (see Matter of Nelson v City of Buffalo Fire Dept., 254 AD2d 761).
Matters that terminate the proceeding are not strictly limited to those three specified defenses (CPLR 7804 [g]). “Thus, the phrase ‘such as but not limited to’, means that the items included in the category being defined * * * , while they are not limited to the examples listed, must be of the same or similar kind or character of those items” (Matter of Briar Hills Lanes v Town of Ossining Zoning Bd. of Appeals, 142 AD2d 578, 580). When due process is involved, this is an issue of law contemplated by the Legislature’s phrase “including but not limited to” in CPLR 7804 (g) that may decide the case and is in the same category of those type issues that may “terminate the proceeding” (see Briar Hills, id.; see also Matter of Feliz v Wing, 285 AD2d 426, appeal dismissed 97 NY2d 693; compare Matter of Wright v Commissioner of NY. State Dept. of Motor Vehicles, 189 AD2d 767).
Where there is some type of a procedural violation sufficient to require annulment or termination of the decision by the administrative agency, it must be the type of procedural violation that violates the rule of fundamental fairness, even when there was some type of a quasi-judicial hearing (Matter of 125 Bar Corp. v State Liq. Auth., 24 NY2d 174; Matter of Sowa v Looney, 23 NY2d 329; Matter of Warren v Irvin, 184 AD2d 1059 [4th Dept 1992]).
V. Discussion and Conclusion.
There is a sound policy reason for the limits on the substantial evidence transfer rule. Not every administrative determination requires complete appellate review. Were such the rule, the purposes of the article 78 procedure would be emasculated. Virtually every case would be forwarded when there was even a hint of a weight of evidence issue. The already overburdened appellate courts need not be saddled with such cases when *467 they can properly be decided at the trial level when there is clear statutory authority to do so.
In the fact pattern presented here, there is such a clear statutory provision that requires resolution without transfer.
“All evidence, including records and documents in the possession of the agency of which it desires to avail itself, shall be offered and made a part of the record, and all such documentary evidence may be received in the form of copies or excerpts, or by incorporation by reference. In case of incorporation by reference, the materials so incorporated shall be available for examination by the parties before being received in evidence” (State Administrative Procedure Act § 306 [2]). To sustain the violation of the Public Health Law in issue here, evidence of the age of the individual purchaser is a prerequisite, especially when the statute talks in terms of discerning the age of a 25 year old and a person under age 18 (Public Health Law § 1399-cc [2]). The respondent’s employee stated he relied on the documents in the file to prove the age. The agency, then, “availed” itself of information in its possession. There was no offer of the information the agency relied upon, the information was not made part of the record, there was at best an incorporation by reference but such materials were not made “available for inspection” as required by statute. Further, when there was a request to see the materials, a claim of confidentiality was made that appears nowhere in the statute.
Claiming that it is Department “policy” to not make such information available does not create any legislatively or judicially authorized exception to the disclosure rules in the statute. There is no evidence presented that respondent formally adopted discovery or deposition rules (State Administrative Procedure Act § 305). Additionally, it is the legislative policy in this state that government be open and that the public have access to agency materials (Public Officers Law § 84). The policy is particularly important when government attempts to rely on undisclosed and therefore unchallengeable information to the detriment of its citizens. This is not the type of case where petitioner “was free to subpoena any witness he desired to question” (see Wright v Commissioner, 189 AD2d 767, 769).
Even in the case of felons, there is a requirement that hearsay be separately verified by the hearing officer (see Matter of Abdur-Raheem v Mann, 85 NY2d 113). “A prison disciplinary determination may be based upon confidential evidence so long as the Hearing Officer has made an independent assessment of the reliability of both the informant and the informa *468 tion * * * ” (Matter of Bosshart v Goord, 285 AD2d 781, 782). “The rule is derived from the self-evident premise that where the law requires the interposition of a neutral arbiter, the obligation to weigh and resolve the material fact questions lies squarely with the arbiter and may not be delegated to the investigator or accuser” (Matter of Abdur-Raheem v Mann, 85 NY2d 113, 119). The reasons for such a rule are readily apparent, given the need to maintain prisoner confidentiality for the prisoner’s own protection in the closed incarceration environment in which they exist.
In administrative proceedings in arenas other than prisons there are due process protections that are not substantial evidence questions that need to be considered, and “[i]t is beyond dispute that an impartial decision maker is a core guarantee of due process, fully applicable to adjudicatory proceedings before administrative agencies (Withrow v Larkin, 421 US 35, 46-47; Matter of Warder v Board of Regents, 53 NY2d 186, 197; State Administrative Procedure Act § 303)” (Matter of 1616 Second Ave. Rest. v New York State Liq. Auth., 75 NY2d 158, 161).
When an independent hearing officer says “Whether the Department produces it or not is up to the Department,” that sense of independence that is expected in a reviewing official is missing, and the requirement of impartiality is impacted (State Administrative Procedure Act § 303). There appears to be an absence of objectivity by disregard of the clear statute and possible improper delegation of authority.
The procedure here went beyond the ability of the Hearing Officer to rely on hearsay information, especially in light of the hearsay limitation in the statute (State Administrative Procedure Act § 306). Applying required due process tests (Mathews v Eldridge, 424 US 319), the court concludes that the ruling here resulted in “a determination [that] was made in violation of lawful procedure, was affected by an error of law * * * ” (CPLR 7803 [3]). The action must therefore be found arbitrary and capricious and annulled (CPLR 7806). This decision is made notwithstanding the laudable goals of the legislation in issue (see Matter of Fay’s Inc. v New York State Dept. of Health, 169 Misc 2d 944, revd 241 AD2d 815).