Matter of Martell (Hearst Corp.--Commissioner of Labor) (2020 NY Slip Op 00186)





Matter of Martell (Hearst Corp.--Commissioner of Labor)


2020 NY Slip Op 00186


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

526902

[*1]In the Matter of the Claim of Raymond E. Martell IV, Respondent. The Hearst Corporation, Doing Business as The Albany Times Union, Appellant. Commissioner of Labor, Respondent.

Calendar Date: November 19, 2019

Before: Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.


The Hearst Corporation, New York City (Sarah Park of counsel), for appellant.
David E. Woodin, Catskill, for Raymond E. Martell IV, respondent.



Pritzker, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed September 21, 2017, which ruled, among other things, that The Hearst Corporation was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Claimant delivered newspapers for The Hearst Corporation under a delivery service agreement that he executed in January 2014. After he stopped delivering newspapers for Hearst, he applied for unemployment insurance benefits. The Department of Labor subsequently undertook an inquiry into claimant's employment status and determined that an employment relationship existed between him and Hearst. As a result, the Department issued an initial determination finding that claimant was an employee and therefore entitled to unemployment insurance benefits and that Hearst was liable for additional contributions based upon remuneration paid to claimant and others similarly situated. Hearst requested a hearing, and, following that hearing, an Administrative Law Judge sustained the Department's determination. On administrative review, the Unemployment Insurance Appeal Board affirmed. Hearst appeals.
We affirm. As an initial matter, we reject Hearst's due process arguments regarding certain witnesses, including claimant, who were subpoenaed but failed to appear at the hearing. At the hearing, Hearst was afforded its right to "request that subpoenas be issued to compel the appearance of relevant witnesses" (12 NYCRR 461.4 [c]; see Matter of Moseley [Commissioner of Labor], 61 AD3d 1133, 1134 [2009]; Matter of Box [Commissioner of Labor], 249 AD2d 608, 608 [1998]), and the Administrative Law Judge reserved the right to draw a negative inference based upon one of the witness's nonappearance. At the conclusion of the hearing, however, Hearst failed to request an adjournment so that it could pursue the proper method to enforce the subpoenas that were issued during the course of the hearing but not complied with; that is, to bring a motion before Supreme Court "to compel compliance" with the nonjudicial subpoenas (CPLR 2308 [b]; see State Administrative Procedure Act § 304; Matter of Murtha v Verizon N.Y. Inc., 161 AD3d 1440, 1442-1443 [2018]; Matter of Stelmach [Commissioner of Labor], 106 AD3d 1353, 1354 n [2013]; Matter of Johnson [Triborough Bridge & Tunnel Auth.-Commissioner of Labor], 261 AD2d 750, 751 [1999]; Matter of Anderson v Bane, 199 AD2d 708, 711 [1993]).
Turning to the merits, upon reviewing the record in this case, we find that the indicia of control retained by Hearst in its service agreement with claimant are nearly identical to the relevant factors previously identified to establish an employer-employee relationship in Matter of Hennessey (Hearst Corp.-Commissioner of Labor) (172 AD3d 1842, 1843-1844 [2019], appeal dismissed 34 NY3d 943 [2019]; see also Matter of Sifontes [Hearst Corp.-Commissioner of Labor], 175 AD3d 1727, 1728 [2019]). Accordingly, we conclude that the Board's decisions are supported by substantial evidence and will not be disturbed (see Matter of Hennessey [Hearst Corp.-Commissioner of Labor], 172 AD3d at 1843-1844; Matter of Sebring [Community First Holdings, Inc.-Commissioner of Labor], 172 AD3d 1829, 1829-1830 [2019]; Matter of Nicholas [Gannett Satellite Info. Network, Inc.-Commissioner of Labor], 167 AD3d 1180, 1181 [2018]).[FN1] To the extent that Hearst's remaining claims are properly before us, they have been considered and found to be without merit.
Egan Jr., J.P., Lynch and Clark, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: As this claim preceded the enactment of Labor Law § 511 (23), which was added by the Legislature in 2016 (L 2016, ch 503, § 1 [Nov. 28, 2016]), the Board correctly found that the statute does not apply here (see Matter of Sifontes [Hearst Corp.-Commissioner of Labor], 175 AD3d at 1728 n).