Matter of Monaghan v Schroeder (2024 NY Slip Op 00013)

Matter of Monaghan v Schroeder

2024 NY Slip Op 00013

Decided on January 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 4, 2024

CV-22-2166
[*1]In the Matter of John M. Monaghan, Petitioner,
v
Mark J.F. Schroeder, as Commissioner of Motor Vehicles, et al., Respondents.

Calendar Date:November 16, 2023

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and Mackey, JJ.

Jonna Spilbor Law, Poughkeepsie (Kenneth S. Rones of counsel), for petitioner.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondents.

Aarons, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Department of Motor Vehicles revoking petitioner's driver's license.
In February 2021, a state trooper effectuated a traffic stop of petitioner after the trooper observed petitioner driving erratically. After failing a field sobriety test, petitioner refused to take any other tests, including a chemical breath test. Petitioner was then arrested and charged with driving while intoxicated and resisting arrest. Because petitioner refused the chemical breath test, his driver's license was suspended pending a hearing. A hearing before an Administrative Law Judge (hereinafter ALJ) was scheduled for April 2021, but adjourned because the trooper did not appear. On May 26, 2021, petitioner issued nonjudicial subpoenas commanding the trooper and another trooper who assisted with petitioner's arrest to appear at petitioner's hearing that was scheduled for June 4, 2021. At the June 2021 hearing, neither trooper appeared, and petitioner made a motion to dismiss. The ALJ denied the motion. The ALJ subsequently read into evidence parts of the trooper's refusal report, supporting deposition and bill of particulars. Following the hearing, the ALJ found that the conditions for revoking petitioner's driver's license had been proved by a preponderance of the evidence. The ALJ's determination was subsequently upheld upon petitioner's administrative appeal.
Petitioner thereafter commenced this CPLR article 78 proceeding seeking annulment of respondent Department of Motor Vehicles' determination to revoke his driver's license. Respondents joined issue. Supreme Court transferred the proceeding to this Court (see CPLR 7804 [g]).
Petitioner asserts that his motion to dismiss should have been granted because he was denied his due process right to cross-examine the subpoenaed troopers. There is no dispute that petitioner issued nonjudicial subpoenas to have the troopers testify. Upon their failure to appear at the June 2021 hearing, however, petitioner made the tactical decision only to seek dismissal. Even though petitioner seemingly wanted the troopers to appear at the June 2021 hearing, petitioner did not seek to have the issued subpoenas enforced (see CPLR 2308 [b]; see e.g. Matter of Empire Wine & Spirits LLC v Colon, 145 AD3d 1157, 1157 [3d Dept 2016]) nor did he request a further adjournment to do so (see Matter of Martell [Hearst Corp.-Commissioner of Labor], 179 AD3d 1227, 1228 [3d Dept 2020]; Matter of Johnston [Triborough Bridge & Tunnel Auth.-Commissioner of Labor], 261 AD2d 750, 751 [3d Dept 1999]). Taking into account that there is a limited right to cross-examine witnesses in an administrative proceeding (see Matter of Gordon v Brown, 84 NY2d 574, 578 [1994]), petitioner was not entitled to dismissal on this basis.
Contrary to petitioner's assertion, even though the trooper who authored the refusal [*2]report did not appear at the hearing, the ALJ did not err in reading such report into evidence and considering it when making the ultimate determination (see 15 NYCRR 127.9 [c]; see e.g. Matter of Reuss v Schroeder, 217 AD3d 1083, 1085-1086 [3d Dept 2023]). Indeed, "administrative determinations may be supported by hearsay alone" (Matter of Schloer v Commissioner of Dept. of Motor Vehs., 110 AD2d 1010, 1011 [3d Dept 1985], lv denied 65 NY2d 606 [1985]). To the extent that petitioner contends that the revocation determination is not supported by substantial evidence, such contention is without merit (see Matter of Reuss v Schroeder, 217 AD3d at 1085-1086; Matter of Stiglmeier v New York State Dept. of Motor Vehs., 275 AD2d 531, 532 [3d Dept 2000]).
Egan Jr., J.P., Clark, Ceresia and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.