■ In the Matter of the Claim of GREGORY C. ROYAL, Appellant. COMMISSIONER OF LABOR, Respondent. [735 NYS2d 654] —Rose, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 10, 2001, which denied claimant's request to recompute his benefit rate.

Claimant worked as a musician for the employer for more than 10 years until he was laid off in April 2000. He applied for unemployment insurance benefits, thereby establishing the 1999 calendar year as his base period. Although the employer treated claimant as an independent contractor, paying him in cash by the performance in exchange for a signed and dated receipt, the employer did not dispute claimant's entitlement to unemployment insurance benefits as an employee. Nevertheless, as a result of the employer's payment practice, claimant had no paycheck stubs or other similar records. When the employer failed to respond to claimant's request for copies of the pay receipts, claimant provided earnings information for the base period to the best of his ability and, using that information, the Commissioner of Labor computed claimant's benefit rate on the basis of his highest calendar quarter of remuneration.

Pursuant to Labor Law § 590 (12), claimant requested that his benefit rate be recomputed based upon his weeks of employment. The Commissioner denied the request (hereinafter the initial determination), citing claimant's failure to provide sufficient proof of at least 20 weeks of employment in his base period. When the employer failed to appear at the ensuing hearing, claimant requested that the pay receipts be subpoenaed. Despite the initial advice by the Administrative Law Judge (hereinafter ALJ) to claimant at the commencement of the hearing that she would subpoena any documents or records not available to him, she refused his request and sustained the Commissioner's determination. On claimant's appeal, the Unemployment Insurance Appeal Board rescinded the ALJ's decision, remanded the case for further development of the record and directed that the employer be Ordered to produce all payroll records for claimant for 1999. When the employer, who was given notice but *not* subpoenaed, failed to appear at either the scheduled hearing on remand or an

adjourned hearing, the ALJ again sustained the initial determination despite claimant's repeated request that the employer's payroll records be subpoenaed. The Board affirmed and claimant appeals. We reverse.

It is undisputed that, as a result of the method of payment used by the employer, the only party in possession of the relevant payroll records necessary to determine claimant's request to recompute his benefit rate is the employer, who failed to comply with claimant's request for those documents. Accordingly, upon rescinding the prior ALJ decision which sustained the initial determination, the Board directed that the employer be ordered to produce those records. Nevertheless, although claimant requested that the records be subpoenaed, the ALJ did not comply with the Board's directive before again sustaining the initial determination. In affirming the ALJ's decision, the Board provided no explanation for its failure to adhere to its earlier decision which required the employer to produce the relevant records. In these circumstances, we are of the view that the Board's decision is arbitrary despite the Commissioner's argument that claimant bore the burden of producing the required documentation (see, Matter of Field Delivery Serv. [Roberts], 66 NY2d 516, 520).

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.