■ In the Matter of the Claim of MITCHELL D. POSNER, Appellant. HF MANAGEMENT SERVICES, LLC, Respondent; COMMISSIONER OF LABOR, Respondent. [793 NYS2d 210]—

Crew III, J.P. Appeal from a decision of the Unemployment

Insurance Appeal Board, filed November 19, 2003, which ruled that claimant was ineligible to receive unemployment insurance benefits because he had no covered base period employment.

Claimant was hired by the employer in 2002 to provide computer-related technical services to facilitate the employer's provision of health insurance to its airline-based clientele. After being laid off less than six weeks later, he unsuccessfully sought unemployment insurance benefits pursuant to the Temporary Extended Unemployment Compensation Act of 2002 (hereinafter TEUC-A; *see* Pub L 108-11, 117 US Stat 607). At a preliminary hearing, at which no testimony was taken, the employer agreed to provide certain documents and to attempt to locate former employees who could shed light on whether claimant's work qualified him for benefits under TEUC-A. Thereafter, the Administrative Law Judge (hereinafter ALJ) adjourned the hearing with the mutual understanding among the parties that the requested documents and witnesses would be voluntarily provided by the employer at the next hearing. At the next scheduled hearing before a different ALJ, no representative of the employer appeared, nor were any of the documents it agreed to provide presented. Notwithstanding, the ALJ proceeded to conduct the hearing over the repeated objections of claimant and found, based on claimant's testimony alone, that claimant's employment was excluded from coverage under TEUC-A. The Unemployment Insurance Appeal Board affirmed, prompting this appeal.

We reverse. We agree with claimant that the second ALJ's insistence on conducting the hearing and closing claimant's case without either ascertaining why the employer failed to comply with the first ALJ's order or making her own determination as to the relevance of the evidence that the employer agreed to produce constituted a violation of claimant's due process rights (*see Matter of Royal [Commissioner of Labor]*, 290 AD2d 695, 696 [2002]). Notably, the employer, who claims that it was not timely notified of the hearing, concedes that it was improper under the circumstances for the ALJ to base its findings solely on claimant's testimony. Accordingly, the Board's decision must be reversed and the matter remitted thereto for further proceedings. In view of our determination, we do not reach claimant's remaining contention.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.