■ In the Matter of the Claim of MILDRED POWELL, Appellant. COMMISSIONER OF LABOR, Respondent. [915 NYS2d 183]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 15, 2009, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as an assembler at an automotive parts manufacturing plant for nearly 28 years. Claimant's employer was experiencing financial difficulties and offered certain employees the opportunity to enroll in a special attrition program in an effort to voluntarily reduce the size of its workforce. In June 2006, claimant elected to participate in the program and she left her job in September 2006. She subsequently applied for and received unemployment insurance benefits in the amount of $2,430. The Unemployment Insurance Appeal Board ruled that she was disqualified from receiving benefits because she voluntarily left her employment without good cause and it charged her with a recoverable overpayment based upon the false statements she made to obtain benefits. Claimant appeals.

We affirm. Leaving a job in order to take advantage of an early retirement incentive has been found not to constitute good cause for leaving one's employment where continuing work is available (*see Matter of Cuomo-Perez [Commissioner of Labor]*, 3 AD3d 777, 778 [2004]; *Matter of Salerno [Commissioner of Labor]*, 279 AD2d 935 [2001]). Claimant here voluntarily decided to participate in a retirement incentive program that, following the cessation of her employment, would pay her a weekly amount to continue until she accumulated 30 years of

service at which time she would collect her pension. Although claimant stated that she elected to participate in the program because she was told that her department was going to be disbanded, it was still operational at the time she resigned, and the employer's representative denied making any such representations. In view of the foregoing, substantial evidence supports the Board's finding that claimant voluntarily left her employment without good cause. Likewise, inasmuch as claimant inaccurately represented when applying for benefits that she left her job due to a lack of work, we find no reason to disturb the Board's imposition of a recoverable overpayment (*see* Labor Law § 597 [4]; *Matter of LoRusso [Commissioner of Labor]*, 68 AD3d 1317, 1318 [2009]; *Matter of Goldberg [Commissioner of Labor]*, 55 AD3d 1120, 1121 [2008]).

Spain, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.