◼ In the Matter of the Claim of CYNTHIA E. STELMACH, Appellant. COMMISSIONER OF LABOR, Respondent. [965 NYS2d 259]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 24, 2011, which, among other things, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Upon review of the record, we find that substantial evidence supports the Unemployment Insurance Appeal Board's ruling

that claimant voluntarily left her employment as a sales manager at a boutique without good cause (*see Matter of Williams [Commissioner of Labor]*, 102 AD3d 1051, 1052 [2013]). The employer testified that he observed claimant abandon her work station at a busy time, without permission, to conduct a personal transaction unrelated to her job. As a result, he told her to leave for the day and he would speak to her the following Monday. He testified that claimant was not fired, however, he did decide to briefly suspend her by leaving her off the work schedule for the first four days of the following week and only placing her on the schedule for Friday. According to the employer, when claimant saw the schedule, she thereafter informed a coworker that she felt that she no longer had a job with the employer and proceeded to leave the premises with all of her personal belongings.* Although claimant disputed the employer's version of events and testified that she believed the employer terminated her when he took her off the schedule for four days, this created a credibility issue for the Board to resolve (*see Matter of Georgatos [Commissioner of Labor]*, 100 AD3d 1130, 1131 [2012]).

Finally, "inasmuch as claimant inaccurately represented when applying for benefits that she left her job due to a lack of work" (*Matter of Powell [Commissioner of Labor]*, 79 AD3d 1507, 1508 [2010], *lv denied* 17 NY3d 701 [2011]), we find no basis to disturb the Board's imposition of recoverable overpayments of regular and emergency unemployment insurance compensation benefits, as well as forfeiture penalties (*see Matter of Monserrate [Commissioner of Labor]*, 102 AD3d 1046, 1047 [2013]).

Rose, J.P., Lahtinen, Stein and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* According to claimant, she was unfairly deprived of an opportunity to cross-examine the coworker about this alleged statement because the coworker did not appear at the hearing despite allegedly being served with a subpoena. However, neither claimant nor her counsel requested an adjournment to seek enforcement of the subpoena (*see Matter of Johnson [Triborough Bridge & Tunnel Auth.—Commissioner of Labor]*, 261 AD2d 750, 751 [1999]). In fact, claimant indicated at the hearing that she had all the witnesses and proof she needed, and her counsel specifically responded in the negative at the end of the hearing when the Administrative Law Judge asked him if there was "any other testimony or evidence on behalf of the claimant" or if anything else was needed. In any event, while claimant contends that she did not tell anyone she quit, she, nevertheless, specifically testified that she told the coworker that she knew that the employer's action in taking her off the schedule for four days meant "that she [does not] have a job [there]."