Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 14, 2012, which, among other things, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant, an aesthetician, sought permission from the employer to adjust her work schedule so that she could attend college classes commencing in January 2009. The employer agreed provided that written information regarding her college schedule was received, and the employer suspended booking future appointments for claimant until her proposed college schedule was confirmed. Claimant supplied the college schedule information and, on January 2, 2009, she asked that booking of appointments for her restart. There was some delay because of the limited number of people who had access to the work schedule password, but future bookings for claimant restarted on January 5, 2009 and included bookings for the next day. However, claimant failed to report to work on January 6, 2009. She asserted that she thought she had been fired when future bookings did not immediately restart, and she filed for unemployment insurance benefits claiming that she had lost her job because of a lack of work.
An initial determination that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause was overruled by an Administrative Law Judge (hereinafter ALJ). The Unemployment Insurance Appeal Board rescinded the ALJ’s decision and remitted the matter for further development of the record. At the rescheduled hearing, there was insufficient time for all witnesses to testify and a further hearing date was scheduled. In *1220 the interim, the employer withdrew its objection to the claim and did not appear at the further hearing. Nonetheless, the ALJ issued a decision finding that claimant was disqualified from receiving benefits and the Board affirmed, prompting this appeal.
We affirm. Notwithstanding the employer’s withdrawal of its objection to claimant’s eligibility to receive benefits (see Matter of Petrosov [Commissioner of Labor], 284 AD2d 874, 875 [2001]), substantial evidence supports the Board’s ruling that claimant voluntarily left her employment without good cause (see Matter of Williams [Commissioner of Labor], 102 AD 3d 1051, 1052 [2013]). While conflicting versions of events were presented, this created a credibility issue for the Board (see Matter of Georgatos [Commissioner of Labor], 100 AD3d 1130, 1131 [2012]). Claimant admitted that no one told her she was fired and the office manager testified that employees were required to report to work on their scheduled days regardless of whether clients were booked on the schedule.
We are also unpersuaded by claimant’s argument that the Board’s final decision is improper because — due to the employer’s withdrawal of its objection to the claim — the employer’s assistant office manager did not testify as required by the Board’s earlier decision remitting the matter. Claimant was aware that the employer would not be appearing, no objection was made regarding the absent witness (cf. Matter of Posner [HF Mgt. Servs., LLC — Commissioner of Labor], 16 AD3d 940, 941 [2005]), and claimant did not request that the witness be required to appear (see 12 NYCRR 461.4 [c]; cf. Matter of Royal [Commissioner of Labor], 290 AD2d 695, 695-696 [2002]). Further, we find no evidence of prejudice due to the absence of this witness (see Matter of Thompson [Hudacs], 210 AD2d 614, 615 [1994]). Finally, “inasmuch as claimant inaccurately represented when applying for benefits that she left her job due to a lack of work” (Matter of Powell [Commissioner of Labor], 79 AD3d 1507, 1508 [2010], lv denied 17 NY3d 701 [2011]), we find no basis to disturb the Board’s imposition of a recoverable overpayment of benefits and a forfeiture of eight effective days (see Matter of Monserrate [Commissioner of Labor], 102 AD3d 1046, 1048 [2013]; Matter of Dougal [Commissioner of Labor], 87 AD3d 781, 782 [2011]).
Claimant’s remaining contentions have been examined and found to be unpersuasive.
Lahtinen, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.